Butnam J.
delivered the opinion of the Court. The plaintiffs claim a right of dockage upon the land of the defendant, It is claimed as a praedial service due from the estate of the defendant to the estate of the plaintiffs. It is analogous to the right of watering cattle, conducting water, a right of way, of pasturage, of digging for metals, &c., and a great many other rights and easements, which may be acquired by grant, and by other means, in the land of others.
These rights' were derived from the civil law. Vide Ayl. Civ. Law. tit. 5, Of Services; Justin. Inst. lib. 2, tit. 3, De servitutibus rusticorum et urbanorum praediorum.
The jury were instructed, that in order to establish the plaintiffs’ claim, it was not necessary for them to produce any deed, or to prove that any ever existed ; the rule being, “ that twenty years’ occupation alone is sufficient to ground a presumption that the occupation began in virtue of some compact between *258 the parlies :—but it is to be applied only to cases where the °f such a right are proved to exist. One is, that the occupation must be uninterrupted by the owner of the land ; another is, that the occupation must be really adverse, and not by any permission, license, or indulgence of the owner.”
The doctrine touching this subject is very clearly stated oy Bracton, who, in the reign of Hen. 3, was chief justice of England. In lib. 2, c. 23, § 1, he speaks of the manner of acquiring a right to such services in the land of another, and one of the means is, “possessio per longum, continuum et paciJicum usum, sine consensu expresso, per patientiam veri domini, qui scivit et non prohibuit, sed permisit de consensu tácito.” The same point, lib. 4, c. 37 ; “ex patientia inter presentes, quce trahitur ad consensum.” The occupation must be open, and constant, and adverse. “ Si autem precario fuer it, et de gratia, qua tempestivo revocari possit et intempestix e, ex longo tempore non acquiretur jus.” Lib. 4, c. 37. It must be with the knowledge and permission of the owner, and not merely of the tenants. “Patientia dominorum, non dico ballivorum. ’ Lib. 4, c. 38.
In this Commonwealth, twenty years is “tempus longum” which was the time allowed by the civil law “inter absentes.” Just. Inst. lib. 2, tit. 6, pr. Half that time was allowed to be sufficient “ inter presentes.”
It would seem that the instruction which the chief justice gave upon the point of occupation, was very proper.
The essential ingredients were to be made out by the owners of the estate claiming the service. They must not only prove the using for twenty years, but that it was continued, uninterrupted and adverse, that is, under a claim of right, with the acquiescence and knowledge of the owner. 2 Wms’s Saund. 175 d, note 2 ; 3 Dane’s Abr. 251, 252.[1]
These ingredients make up the character of such an occupation as is conclusive evidence of the right to the easement. Such an occupation amounts to the presumption “juris et de *259 jure.” 1 Evans’s Poth. 528. If such an occupation were proved, the right would be established, notwithstanding the jury might not have found that any deed had ever been made in fact.
But the several qualities or ingredients were liable to be disproved. Evidence might be offered by the defendants, first, that the possession or use had not been for twenty years. If it had, then secondly, that it had been under leave and favor or courtesy and at the will of the owner, or for a term of years, and so not adverse. And thirdly, evidence might be given to prove that the use had been interrupted, thereby disproving a continued acquiescence of the owner for twenty years.
We cannot suppose (as was contended for the plaintiffs), that the mere use of the easement for twenty years is conclusive of the right; nor do we think that was the meaning of Story J. in Tyler v. Wilkinson, 4 Mason, 402. His words were, “ By our laws, upon principles of public convenience, the term of twenty years of exclusive uninterrupted enjoyment has been held a conclusive presumption of a grant or right.” He could not have intended an enjoyment which had been by the favor and at the will of the owner for twenty years. The objection which is made to this part of the charge is, we think, untenable.
But the chief justice further instructed the jury, that the plaintiffs could not join the period of the occupation of govern- or Hutchinson, before the revolution, to their own subsequent occupation, because the occupation was interrupted from 1774 to 1780.
The objection to this part of the charge has been involved in the consideration of the other. For if it is an essential fact, that the use should be continued as well as peaceable for twenty years, the time of the interruption from 1774 to 1780 could not be counted to make out the requisite time of twenty years.
Such an interruption would be what the civilians call a usurpation ; Ayl. Civ. Law. 321, 324 ; which is a discontinuance given to prescription, in point of time and possession, “for upon a commencement of usurpation, prescription is destroyed or annihilated, and must begin again ; ” which usurpation may *260 be by “an extrajudicial denunciation or claim of right,” and especially “ by a contestation of suit.”
But the time which an ancestor possessed may be extended and allowed to his heirs ; and the same rule applies to buyers and sellers. “ Inter venditorem quo que et emptorem conjungi témpora.” Inst. Justin, lib. 2, tit. 6, § 8. All that would be required by the possessor would be, evidence that the possession had been legally continued from one owner to another.[1]
It was therefore a correct instruction which was given by the chief justice, that the plaintiff’s could not lap on governor Hutchinson’s time to Parsons’s, because of the interruption from 1774 to 1780.
But the plaintiffs might avail themselves of the continued possession of their ancestors, as well as of their own. And if governor Hutchinson acquired the right before he went away in 1774, it would have passed with the estate in virtue of the confiscation and the deed of the Commonwealth to Sargent and Parsons.
But the difficulty in the case on the part of the plaintiffs, is not so much in respect to the length of time, as Vo the character of the occupation, whether it were adverse, or by favor. And that leads us to the consideration of the last objection, namely, that the verdict, which was given for the defendant, was against the evidence.
We must keep it in mind, that the plaintiffs have the burden of proof. If they leave it doubtful whether the occupation were adverse, &c. or by favor, they are not to prevail. Quia si fuerit incertum, hoc erit potius personate quam prcediale. Bract, lib. 4, c. 37, § 1. [The judge then went into an examination of the evidence of the case.]

Judgment according to verdict.

 See Revised Stat. c. 60, § 27; Hill v. Crosby, 2 Pick. (2d ed ) 467, note 1; Gray v. Bartlett, 20 Pick. 186 ; Bolivar Manuf. Co. v Neponset Manuf. Co 16 Pick. 241; 2 Hilliard’s Abr. 52 et seq.; Woodbury v. Parshley, 7 N. HampR. 237 ; 3 Kent, (3d ed.) 419 et seq.

 See Rowland v. Wolfe, 1 Bailey, 56.