## CARPENTIER v. GRANT.

A DESCRIPTION of real property in a complaint in ejectment giving one of the lines bounding the premises as running due west to the *source* of a designated creek, is not so insufficient and indefinite as to sustain a demurrer on the ground of its alleged insufficiency. If there be in fact more than one *source* of the creek, that fact cannot be taken advantage of by demurrer. It can only be matter for proof on the trial.

A description of premises in a complaint as follows : " Commencing at a point in the Walnut Creek three hundred yards north of the Mt. Diablo base line; thence running due east two miles; thence due south to a point; thence *due west to the source of said Walnut Creek;* and thence down said creek to place of beginning : " *Held,* to be sufficient on demurrer.

APPEAL from the Fourth Judicial District.

The facts appear in the opinion.

*H. W. Carpentier*, Appellant *in pro. per*.

*E. W. F. Sloan*, for Respondent, contended that the *source* of a stream is too indefinite a call for boundary to enable the defendant to answer intelligently, or the Sheriff, in the event of plaintiff's recovering, to give restitution; and cited 3 A. K. Marsh, 604; 2 Id. 163; 4 Bibb. 378; 8 Cowen, 427.

FIELD, C. J. delivered the opinion of the Court—COPE, J. and NORTON, J. concurring.

To the complaint in this case, which is an action of ejectment, a demurrer was interposed on several grounds, and among others, for alleged insufficiency of the description of the premises; and on this ground the demurrer was sustained. The plaintiff declining to amend the complaint, final judgment was entered for the defendant. The premises are situated in Contra Costa County; and the description given is as follows: " Commencing at a point in the Walnut Creek three hundred yards north of the Mt. Diablo base line; thence running due east two miles; thence due south to a point; thence due west to the source of said Walnut Creek; and thence down said creek to the place of beginning." The alleged insufficiency consists in the designation of the south-west corner as " the *source of said Walnut Creek.*" The description, it is contended, is indefinite and uncertain—as there may in fact be several sources of the creek. It is true there may be several sources—so there may be several channels; but if such be the case, the uncertainty of the description can only arise upon the proofs. In the absence of proof, we cannot presume such is the fact. The term " source " is defined by Webster as " Properly, the spring or fountain from which a stream of water proceeds, or any collection of water within the earth or upon its surface in which a stream originates." The complaint designates it as a certain and definite place, and for the purposes of the demurrer the designation must be taken as true. There may not be in truth any Walnut Creek in the county, and the description given may in consequence be an impossible one; but if such be the case, the fact cannot be taken

advantage of by demurrer. It can only be matter for proof on the trial.

Judgment reversed and cause remanded, with leave to the defendant to answer upon payment of costs upon the demurrer and of the appeal in this Court.