[No. 2,187.]

## JAMES REILLY ET AL. *v.* GEORGE RUDDOCK ET AL.

SETTING ASIDE DEFAULT.—Where the Court makes an order requiring the plaintiff to appear at a time specified, and show cause why a default of the defendant for failure to answer should not be set aside, and there is no service of the moving papers, but the application is heard and decided in the absence of plaintiff's attorney, and where there is no reasonable excuse for the failure to answer within the proper time, it is error for the Court to set aside the default.

SHOWING OF DILIGENCE.—It is not a sufficient showing of diligence to excuse a failure to answer, for an attorney who has interposed a demurrer, which is afterwards struck out, and default for failure to answer entered, to make an affidavit that he was present in Court at the calling of the law calendar, on law day, and answered, "Ready," when the demurrer was called for argument, but did not then argue it, because the opposing attorney was not present in Court; and that he did not know that the Court would entertain a motion concerning a demurrer, except on a regular law day, without stating that he had no notice of the motion to strike out the demurrer, nor when he was informed, for the first time, that it had been struck out, nor that he supposed the demurrer to be still pending until after the time for answering had expired.

APPEAL from the District Court of the Fifteenth Judicial District, City and County of San Francisco.

This was an action upon a promissory note. The defendants demurred to the complaint; the demurrer was struck out, and a default for failure to answer was entered against them. Afterwards, on motion of defendants, the default

was set aside, and an answer was filed. The case was tried by a jury, and a verdict was rendered for the defendants. Plaintiffs appealed.

The other facts are stated in the opinion of the Court.

*Thomas H. Brents,* for Appellants.

Plaintiffs' counsel had no sufficient or any notice of defendants' motion to set aside the default. (*Vallejo* v. *Green,* 16 Cal.) The affidavit upon which the motion for leave to answer was based was insufficient, because it failed either to excuse the default or to present a meritorious defense. (*Bailey* v. *Taaffe,* 29 Cal. 423; *Johnson* v. *Clarke,* 6 Wend. 517; *King* v. *Merchants' Exchange Co.,* 5 Sand. 697; *Slover* v. *Forbes,* 22 How. 477; *Elliott* v. *Shaw,* 16 Cal. 377.)

*W. H. Tompkins* for Respondents.

By the Court, CROCKETT, J.:

The default of the defendants for a failure to answer was improperly set aside: First—Because there was no service of the moving papers, and the application was heard and decided in the absence of the plaintiff's attorney, who had no notice of the motion. This was error. (*Vallejo* v. *Green,* 16 Cal. 160.) Second—No reasonable excuse was given for the failure to answer within the proper time. The defendants had interposed a demurrer to the complaint, and the defendants' attorney states in his affidavit that he was present in Court at the calling of the law calendar on the last preceding "steamer day," and answered "Ready" when the demurrer was called for argument, but did not then argue it, because the plaintiff's attorney was not present in Court; and that he did not know that the Court would entertain a motion concerning a demurrer except on the regular law

days. The Court, in the meantime, had stricken out the demurrer, because, as we infer, it was deemed to be frivolous. But the attorney does not state that he had no notice of the motion to strike out the demurrer, nor when he was informed, for the first time, that it had been stricken out, nor that he supposed the demurrer to be still pending, until after the time for answering had expired. This was the only showing of diligence, and the only excuse offered for the failure to answer, and it was clearly insufficient.

Judgment reversed and cause remanded, with an order to the Court below to vacate the order setting aside the default of the defendants, and with a further order that the answer of the defendants be stricken out.

WALLACE, J., concurring:

I concur in the judgment upon the first point.