[No. 7,759. Department One. — May 20, 1884.]

EDWARD S. REGO, RESPONDENT, v. DANIEL VAN PELT ET AL., APPELLANTS.

EJECTMENT—TENANTS IN COMMON.—In ejectment, the plaintiff is not required to show a right of possession in a person from whom both he and the defendant deraign title, nor can the defendant assail the title of the common grantor. The unity of possession, where both derive from the same source, cannot be denied by either.

ID.—QUIT-CLAIM DEEDS.—A quit-claim deed executed prior to the Act of February 22, 1854, is sufficient to pass any estate the grantor had, and to enable the grantee to maintain ejectment if his grantor could have done so.

ID.—PLEADING—OUSTER.—In the absence of a special demurrer, a complaint sufficiently alleges an ouster when it avers "defendants are in possession of said lands and premises and the whole thereof, withhold the possession of the whole thereof from plaintiff, and exclude plaintiff from the same."

APPEAL from a judgment of the Superior Court of Santa Clara County.

Action of ejectment to recover an undivided one half of certain described premises. In 1851, one Lewis, without title, conveyed the premises to one Joseph Evans, who went into possession. In 1854, Evans conveyed them to respondent Rego and one Hammond, and Hammond went into possession. In 1857, Hammond conveyed all his right and title to appellant Van Pelt, who went into possession. At the time of the conveyance from Evans to Hammond and Rego, Rego was only four or five

years old, and resided out of the State until a short time before the commencément of the action.

*S. O. Houghton,* for Appellant.

To constitute a tenancy in common, there must be some estate or interest in premises, founded either upon title or a rightful possession. There must be a unity of possession. (Freeman on Cotenancy, § 87.)

No authority can be found to sustain the proposition that an entry by one of several grantees in a quit-claim deed from a grantor who is a trespasser, enures to the benefit of the other grantees, and makes them all tenants in common of the possession so acquired.

The complaint does not allege an ouster. (*McKinlay* v. *Tuttle,* 42 Cal. 577.)

*Moore, Laine, & Johnston,* for Respondent.

A joint tenancy need not be based on the true title. (Freeman on Cotenancy, 10.)

The quit-claim deed was sufficient to pass the title. (*Graff* v. *Middleton,* 43 Cal. 344; *Frey* v. *Clifford,* 44 Cal. 343; *Lawrence* v. *Ballou,* 37 Cal. 521; 3 Wash. Real Prop. 4th ed. 147; *Slater* v. *Rawson,* 6 Met. 439.)

In ejectment the defendant cannot assail the common title. (*Whitman* v. *Steiger,* 46 Cal. 256; *Spect* v. *Gregg,* 51 Cal. 198; *Doe* v. *Johnson,* 3 Ill. 522; *Brooks* v. *Chaplin,* 2 Vt. 281.)

The complaint alleges an ouster. (*Payne* v. *Treadwell,* 16 Cal. 244; *Garwood* v. *Hastings,* 38 Cal. 218, 224; *McCarthy* v. *Yale,* 39 Cal. 586.)

The COURT. — Appellant says plaintiff and the grantor of defendant were not *tenants in common* because their grantor —Evans—had no estate or interest in the premises, founded upon title or rightful possession. But Evans had actual possession and delivered such possession to his grantees. In ejectment neither is plaintiff called on to show a right of possession in a person from whom both he and defendant deraign, nor can defendant assail the title of the common grantor. The unity of

possession, where both derive from the same source, cannot be denied by either.

The deed from Evans and wife to plaintiff and Hammond (grantor of defendant) was executed February 22, 1854, prior to the passage of the act which, it is claimed, first made *quit-claim* deeds operative as conveyances, without any precedent estate or interest in the grantee. But as was said in *Graff* v. *Middleton*, 43 Cal. 344, "in this State from the earliest times, quit-claim deeds have been in everyday use for the purpose of transferring title to land, and have been considered as effectual for that purpose as deeds of bargain and sale." In *Sullivan* v. *Davis*, 4 Cal. 291, decided at the October term, 1854, it was held that a quit-claim conveyed all the right and title of the grantor or releasor. And in *Frey* v. *Clifford*, 44 Cal. 343, the Supreme Court said that under the registry law a quit-claim deed received in good faith, and for a valuable consideration, which is first recorded, will prevail over an older deed subsequently recorded. So in *Lawrence* v. *Ballou*, 37 Cal. 521, it was held that a quit-claim deed passed the title. No reference is made to the statute of 1855. Without making the rule in any respect dependent upon the statute, *Downer* v. *Smith*, 24 Cal. 123, and *Carpentier* v. *Williamson*, 25 Cal. 154, concur in construing *Sullivan* v. *Davis*, *supra*, as holding that an ordinary quit-claim deed in this State is sufficient to pass any estate the grantor had, and to enable the grantee to maintain ejectment if his grantor could have done so. As we have seen, the defendant here cannot dispute the title of Evans, the grantor of plaintiff and Hammond.

The complaint (certainly in the absence of a special demurrer) sufficiently alleges an ouster by defendants. (*Payne* v. *Treadwell*, 16 Cal. 244.) It avers: "Defendants are in possession of said lands and premises and the whole thereof, withhold the possession of the whole thereof from plaintiff, and exclude plaintiff from the same."

Judgment affirmed.