[No. 13355.   Department One. — May 28, 1891.]

## F. A. HIHN, Respondent, *v.* ALVINA MANGENBERG, Appellant.

Ejectment — Sufficiency of Complaint. — A complaint in an action of ejectment which alleges that the plaintiff is seised in fee of the realty, that the defendant is in possession, and against plaintiff's will retains and withholds the possession thereof, states a cause of action.

Id. — Description of Land — Special Demurrer. — A description of the land sought to be recovered in ejectment, as being in Soquel township, Santa Cruz County, state of California, and bounded on the northeast by Bay Avenue, on the southeast by the land of M. E. Land, and on the southwest and northwest by Soquel Creek, is sufficient as against a special demurrer, it not appearing to be impossible for the proper officer to identify the land in the field.

Landlord and Tenant — Lease — Expiration of Term. — Death of Lessee. — A lease for a fixed period expires at the end of that period, notwithstanding the death of the lessee before the expiration of the term.

Id. — Estate of Deceased Lessee — Administration — Surviving Widow. — The fact that no administration is had upon the estate of a lessee who dies before the expiration of the term cannot prolong the term; and his surviving widow cannot defend an action of ejectment on that ground after the lapse of the term fixed by the lease.

Appeal from a judgment of the Superior Court of Santa Cruz County, and from an order denying a new trial.

The plaintiff gave to the defendant's husband a lease of the property in controversy for the period of five years, which had expired before the bringing of the suit. The lessee died before the expiration of the lease, and no administration had ever been had upon his estate up to the time of the trial of the action. Further facts are stated in the opinion of the court.

*Z. N. Goldsby,* for Appellant.

The description of the land is not sufficient for identification. (Code Civ. Proc., sec. 455; *Shearman* v. *McCarthy,* 57 Cal. 507; *Carpentier* v. *Grant,* 21 Cal. 141; *Moss* v. *Shear,* 30 Cal. 469; *Lawrence* v. *Davidson,* 44 Cal. 177.) The plaintiff alleges ownership, but does not allege that he

is or ever was entitled to the possession thereof, and the demurrer should have been sustained on that ground. (*Long* v. *Neville*, 29 Cal. 132.) Plaintiff fails to allege an ouster; he simply alleges that defendant "*is* in the unlawful and wrongful possession." This is not an averment of a fact, but of a conclusion. The demurrer should have been sustained on this ground. (*Rego* v. *Van Pelt*, 65 Cal. 254.)

*Charles B. Younger*, for Respondent.

The demurrer was properly overruled. The complaint states every fact necessary to be alleged. (*Payne* v. *Treadwell*, 16 Cal. 243.) It was not necessary to allege an ouster in express words; but if it were necessary, the objection could only be presented by special demurrer, which was not done in this case. (*Rego* v. *Van Pelt*, 65 Cal. 254.)

GAROUTTE, J. —This is an action of ejectment. The complaint was attacked by a general demurrer, and also by a special demurrer as to the sufficiency of the description of the land involved in the litigation.

The demurrer was overruled, and an answer filed by defendant denying the allegations of the complaint and setting up a lease by plaintiff to G. Mangenberg, the husband of defendant, and alleging that she was the surviving widow of said deceased lessee, and that no administration has been had upon his estate.

This is an appeal by the defendant from the judgment and order denying her motion for a new trial. The demurrer was properly overruled.

The complaint alleges that the plaintiff is seised in fee of the realty; that the defendant is in possession, and against plaintiff's will detains and withholds the possession thereof.

After a careful review of the law upon this question, this court, in *Payne* v. *Treadwell*, 16 Cal. 243, held such

a complaint sufficient. To the same effect is *Rego* v. *Van Pelt,* 65 Cal. 254.

The demurrer to the complaint as to the insufficiency of the description of the realty was not well taken. The land was described as being in Soquel township, Santa Cruz County, state of California, and bounded on the northeast by Bay Avenue, on the southeast by the land of M. E. Land, and on the southwest and northwest by Soquel Creek.

We cannot hold from this description in the complaint that it is impossible for the proper officer to identify the land in the field. (*Carpentier* v. *Grant,* 21 Cal. 140; *Lawrence* v. *Davidson,* 44 Cal. 180.)

The lease from plaintiff to appellant's husband did not give her any greater right than the lessee would have had if he had lived.

The lease was for a fixed period of five years, which expired December 31, 1888; had the lessee been living at the expiration of this period his tenancy surely would then have been at an end. (*Canning* v. *Fibush,* 77 Cal. 196.) The fact that the lessee died before the expiration of the lease could not prolong the term, and plaintiff had no interest or right in the property after the expiration of the lease.

We have carefully examined appellant's exceptions upon the admission of certain evidence, and find no error in the rulings of the lower court.

Let the judgment and order be affirmed.

PATERSON, J., and HARRISON, J., concurred.