[Sac. Nos. 889, 923.  Department Two.—June 5, 1902.]

## J. B. HAGGIN et al., Appellants, v. J. A. KELLY et al., Respondents.

136   481
146   416

EJECTMENT — MINING CLAIM — LEGAL ISSUES — INJUNCTION AGAINST WASTE—JURY TRIAL.—An action of ejectment for the possession of a mining claim in which the answer only presents legal issues must be tried by jury; and the fact that the complaint seeks a temporary injunction to restrain waste *pendente lite*, and prays that the injunction be made permanent, does not make the action of an equitable nature, or render the verdict of the jury merely advisory.

ID.—UNNECESSARY PRAYER OF COMPLAINT.—The added prayer of the complaint, that the temporary injunction be made permanent, was unnecessary and superfluous. If possession is recovered, there would be no occasion for a permanent injunction; and the action must be deemed as simply an action of ejectment, with a proper prayer for ancillary equitable relief against waste pending litigation, which does not change the nature of the action.

ID.—ACTION TO QUIET TITLE—PLAINTIFF OUT OF POSSESSION.—If the action were viewed as an action to quiet title, or to determine an adverse claim, under section 738 of the Code of Civil Procedure, the plaintiff being out of possession, and asserting title, and seeking recovery of possession, the plaintiffs would be entitled to a jury trial.

APPEAL from a judgment of the Superior Court of Mono County and from an order denying a new trial.  W. H. Virden, Judge.

CXXXVI. Cal.—31

The facts are stated in the opinion of the court.

Deal, Tauszky & Wells, for Appellants.

William O. Parker, for Respondents.

HENSHAW, J.—Plaintiffs averred ownership and right of possession in a certain mining claim; that defendants are in possession of the property, and wrongfully and unlawfully withhold the same; that they have taken, and are taking, large quantities of gold and silver ore therefrom; that plaintiffs have demanded of defendants that they desist from mining the claim and from taking and removing the ore, but they refuse to do so, and threaten to continue their mining operations; plaintiffs are unable to determine how much gold and silver defendants are taking or will take from the mine; defendants are insolvent, and plaintiffs will suffer great and irreparable damage. The prayer was for an injunction enjoining and restraining defendants during the pendency of the action from mining on said claim, and from taking and removing ore therefrom, and that on the final hearing the injunction be made permanent; for restitution of lands and mining claim, and for costs of suit. The answer of defendants consisted of a denial of the ownership of plaintiffs, an admission that they are in possession, coupled with a denial that they are wrongfully or illegally in possession, and a denial that they have taken any gold or silver bearing ore from the claim. For a separate defense they aver that the annual work required by the mining laws of the United States and of the state of California for the year 1898 was not done and performed upon the mining claim by the plaintiffs, and that on the first day of January, 1899, the mining claim and premises were open public land of the United States, subject to location under the mining laws of the United States; that on the third day of January, 1899, the defendants relocated the claim.

For still another defense the defendants pleaded that plaintiffs had abandoned their claim.

Trial was had upon the issues thus joined. A jury was impaneled, and the court, at the suggestion of defendants' counsel, ruled that the case was a case in equity, and not one in law, and that the jury was impaneled only for the purpose

of advising the court upon the issues of fact.  To this ruling
plaintiffs, by their attorneys, excepted, and insisted that it
was an action at law.  The court further directed the attorneys
for the respective parties to present special issues based upon
the pleadings in the case for the jury to determine.  At the
conclusion of the trial special issues were submitted to the
jury, which issues covered all the material and disputed mat-
ters.  The findings of the jury upon these special issues, were
wholly favorable to plaintiffs, and were sufficient, had they been
accepted by the court, to have entitled plaintiffs to the judg-
ment which they sought.  The court, however, still treating
the action as one in equity, disregarded these special issues,
and in lieu of them prepared its findings and conclusions of
law favorable to defendants, and entered judgment for them
accordingly.  From this judgment and from the order of the
court refusing plaintiffs a new trial they have appealed.

The action is one at law, and is in form ejectment.  The
essential allegations necessary to such an action are the estate
of plaintiffs, possession by defendants at the commencement
of the action, and their wrongful withholding of the same.
(*Payne* v. *Treadwell,* 16 Cal. 220, 244, 245.)  Even if re-
garded as an action under section 738 of the Code of Civil
Procedure, still plaintiffs were entitled to a jury.  (*Gillespie*
v. *Gouly,* 120 Cal. 515.)  The equitable relief of a restraining
order against waste during the pendency of the litigation did
not change the nature of the action, but was ancillary merely,
and permissible under the pleading.  (*Natoma Water Co.* v.
*Clarkin,* 14 Cal. 544; *Curtis* v. *Sutter,* 15 Cal. 259; *Hughes*
v. *Dunlap,* 91 Cal. 385.)  The added prayer of the complaint,
that upon the conclusion of the trial the temporary injunction
be made permanent, was unnecessary and superfluous.  If
plaintiffs established their claim, defendants would be ousted,
and they would be restored to possession, and there would be
no occasion for a permanent injunction.  Upon the complaint,
therefore, the action was simply one in ejectment, with the
request for a restraining order against waste pending the
litigation.  Turning to the answer, the special defenses are
purely legal in character.  They admit the earlier right and
title in plaintiffs, but seek to show that that title was lost,
first by forfeiture, and second by abandonment.  No equitable
issues are presented.  No equitable relief is sought.  The

prayer of the answer is simply, that the plaintiffs take nothing and that defendants have judgment for their costs.

The court was in error, therefore, in treating the action as equitable. Plaintiffs were entitled to the verdict of the jury, unless set aside under the provisions of section 657 or 662 of the Code of Civil Procedure.

The judgment and order are therefore reversed, and the cause remanded for a new trial.

McFarland, J., and Temple, J., concurred.