[Civ. No. 374.   Third Appellate District.—February 22, 1908.]

ABEL McFARLAND, Respondent, v. LOUISE MATTHAI
et al., Appellants.

Ejectment—Sufficiency of Complaint.—A complaint in ejectment
containing the essential allegations as to the estate of the plaintiff,
possession by defendants at the commencement of the action, and
their wrongful withholding of the same from the plaintiff, is
sufficient, and a general demurrer thereto was properly overruled.

Id.—Improper Cross-complaint for Other Land.—A cross-complaint
relative to other land not involved in the action, and not relating
to or depending upon the transaction upon which the action is
brought, and not affecting the property to which the action re-
lates, is improper, and a demurrer thereto was properly sustained.

Id.—Appeal from Judgment—Absence of . Evidence—Presumption
—False Testimony not Reviewable.—Where the appeal is from
the judgment-roll, without any bill of exceptions or evidence set
forth, it must be presumed that the evidence was sufficient to sus-
tain the findings and judgment, and a statement in appellant's brief
that the judgment was procured upon false testimony cannot be
considered. If, however, the evidence were presented, the question
whether it is false or not is one of fact to be determined by the
trial court, whose determination of matters of fact is usually con-
clusive upon appeal.

APPEAL from a judgment of the Superior Court of Napa
County.   H. C. Gesford, Judge.

The facts are stated in the opinion of the court.

Louise Matthai, Rose Matthai, and Warner Temple, for
Appellants.

Theodore A. Bell, and Bell, York & Bell, for Respondent.

HART, J.—Action in ejectment.  The appeal is from the
judgment and is brought up on the judgment-roll alone.  .
The complaint is in the usual form in actions for the recov-
ery of possession of real property.   It alleges that the plaintiff
for many years prior to the commencement of the action had
been, and ''he now is, the owner and entitled to the exclusive

possession" of the premises in dispute, and that the "defendants have been and now are in possession of said premises," and "have wrongfully and unlawfully withheld, and do now wrongfully and unlawfully withhold, the possession of said premises, and the whole thereof, from plaintiff."

A general demurrer to the complaint was overruled by the court, and properly so. The essential allegations necessary to an action in ejectment in form are the estate of plaintiff, possession by defendants at the commencement of the action and their wrongful withholding the same. (*Haggin* v. *Kelly,* 136 Cal. 483, [69 Pac. 140]; *Hihn Co.* v. *Fleckner,* 106 Cal. 97, [39 Pac. 214]; *Hihn* v. *Mangenberg,* 89 Cal. 268, [26 Pac. 968]; *Rego* v. *Van Pelt,* 65 Cal. 254, [3 Pac. 867]; *Payne* v. *Treadwell,* 16 Cal. 246.)

No error was made by the court in its order sustaining the demurrer to the alleged cross-complaint. The land concerning which complaint is made by defendants in their so-called "cross-complaint" is not the land referred to in plaintiff's complaint. The affirmative matters set out by defendants in no sense constituted a cross-complaint. (See *Mills* v. *Fletcher,* 100 Cal. 142, [34 Pac. 637]; *Nelson* v. *O'Brien,* 139 Cal. 628, [73 Pac. 469]; *Phillips* v. *Hagart,* 113 Cal. 554, [54 Am. St. Rep. 369, 45 Pac. 843]; *Bulwer etc. Mining Co.* v. *Standard etc. Mining Co.,* 83 Cal. 589, [23 Pac. 1102].) The affirmative relief sought by the purported cross-complaint does not relate to or depend upon "the contract or transaction upon which the action is brought," or does not affect "the property to which the action relates." (Code Civ. Proc., sec. 442.)

The statement in the brief of appellants to the effect that the judgment was procured through false testimony cannot be considered here. There is no bill of exceptions, the appeal being from the judgment on the judgment-roll alone. The presumption is that the evidence is sufficient to support the findings upon which the judgment rests. Besides, the question as to whether testimony is false or not is one which must ordinarily be left exclusively to the determination of the trial court, and when so determined is usually conclusive on appeal.

The judgment is affirmed.

Burnett, J., and Chipman, P. J., concurred.