[Civ. No. 651.   Third Appellate District.—October 18, 1909.]

## VICTOR POWER AND MINING COMPANY, a Corporation, Respondent, v. C. L. COLE, Appellant.

EJECTMENT—PLEADING—SUFFICIENCY OF COMPLAINT.—A complaint in ejectment which alleges the estate of the plaintiff, the possession of the defendant at the time of the commencement of the action, and his wrongful withholding of the same, contains all the averments essential to a cause of action; and a general demurrer thereto was properly overruled.

ID.—SUPERFLUOUS AVERMENT—CONJUNCTIVE STATEMENT IMMATERIAL.— The averment that defendant's entry was without the consent of "plaintiff *and* its grantors" was superfluous; and the conjunctive statement in such superfluous matter could not render the complaint obnoxious to the objections of a general demurrer.

ID.—VACATION OF JUDGMENT BY DEFAULT—SHOWING REQUIRED.—In order to justify the vacation upon motion of a judgment entered

11 Cal. App.—32

against the defendant by default, the defendant must show some excusable neglect or present a reasonable excuse for delay.

Id.—Second Default Judgment—Special Diligence Required.—Where it appears that a prior judgment by default against the defendant had been vacated upon motion, the entry of such prior judgment by default ought to have been sufficient to put the defendant upon his guard, so that he would have avoided a repetition of the same difficulty.

Id.—Inexcusable Negligence as to Second Judgment—Refusal of Court to Vacate not Disturbed.—Where, after the setting aside of the first judgment by default, and thirty days after demurrer overruled to the complaint was allowed in which to answer, and one of defendant's attorneys obtained ten days' further time to answer, but neglected to enter the same upon the office calendar, and then, without requesting any action on the part of his partner, absented himself at a political convention from which he did not return until after the second judgment by default, he was inexcusably negligent in allowing the same, and the refusal of the court to vacate the judgment was warranted, and cannot be disturbed upon appeal.

Id.—Admission of "Due Service" of Proposed Answer After Refusal of Motion.—The admission of "due service" of a proposed answer upon the renewal of a motion, after the first motion to vacate the second judgment by default had been overruled, furnished no ground for vacating the same. At that time no answer could be of any avail to the party offering it.

Id.—Improper Renewal of Motion Without Leave.—When the judge of the court had heard and refused a motion to vacate the second judgment by default, without granting any leave to renew the same, the refusal thereof not appearing to have been based upon any defect in the moving papers, a renewal of the motion before another judge presiding in the same court is forbidden by section 182 of the Code of Civil Procedure.

APPEAL from a judgment of the Superior Court of Shasta County, and from an order denying a motion to set aside the default upon which the judgment was entered. Wm. M. Finch, Judge presiding.

The facts are stated in the opinion of the court.

Braynard & Kimball, for Appellant.

W. F. Aram, and P. H. Coffman, for Respondent.

HART, J.—The defendant prosecutes this appeal from the judgment and an order denying his motion to vacate and set aside the default upon which said judgment was entered.

The action is in ejectment, the complaint averring, among other facts, that "on or about the fifth day of October, 1907, the said defendants, without title, without right, and without the consent of the plaintiff and its grantors, wrongfully and unlawfully entered upon and into possession of, and ousted the plaintiff and its grantors of the possession of a part of the said Bonanza Mining Claim, lands and premises (all of which are, in a preceding paragraph of the complaint specifically described), and ever since on or about the said fifth day of October, 1907, they have withheld, and are now wrongfully and unlawfully withholding, from the plaintiff the possession of the same, to wit, that lot and part of the said Bonanza Mining Claim, lands and premises known as the Cole House, barn and buildings, on the east side of the wagon road and creek running through the said Bonanza Mining Claim and premises, being the most southerly building on said Bonanza Mining Claim, to the damage of plaintiff in the sum of $60."

The prayer is for judgment for the recovery of the possession of the demanded premises and for damages for withholding the same, etc.

It will be convenient to here narrate the facts essential to an understanding of the point made by appellant that the court below erred in making the order denying his motion to set aside and vacate the judgment and the default.

The complaint was filed on the sixth day of January, 1908; summons was served on the defendant in the county of Shasta on the seventeenth day of January, 1908, and the same, with proof of service thereof, was returned and filed on the thirtieth day of January, 1908. On the twenty-fourth day of February, 1908, default of defendant and judgment thereupon were entered and a writ of possession issued. On the 28th of February, 1908, the defendant filed a motion to set aside the judgment and vacate the default on the grounds of excusable neglect. This motion was supported by the affidavits of one G. Zerr and C. H. Braynard, one of the attorneys of the defendant, and upon the showing thus made, the court, on the twenty-fifth day of March, 1908, made an order setting aside the judgment and the default, and allowed the defendant to answer or demur to the complaint. On the ninth day of April, 1908, the defendant filed a demurrer to the complaint, and on the thirty-first day of July, 1908, the court

made an order overruling said demurrer, and allowing the defendant thirty days within which to file an answer.

It is stated by counsel for respondent in their brief that on the thirty-first day of August, 1908, an order of the court was filed extending the time to answer to ten days from August 29, 1908. This last-mentioned order does not appear in the judgment-roll, but it does therein appear that on September 11, 1908, the default of the defendant for failure to answer was again entered by the clerk of the court.

On the twenty-first day of September, 1908, the court rendered judgment against the defendant upon his default.

On the twenty-eighth day of September, 1908, the attorneys for the defendant served and filed a notice of motion to set aside the said second default. Said motion was heard by the court on the sixteenth day of October, 1908, and on the sixth day of November, 1908, the court, by Honorable G. W. Bush, presiding judge thereof, denied the same. The judgment on the second default was entered on the fourth day of November, 1908.

On the seventh day of December, 1908, the attorneys for the defendant served and filed a notice of a motion to set aside and vacate the second default and judgment, the time for hearing said motion being fixed in said notice for the fifteenth day of January, 1909.

On March 5, 1909, the court, Honorable Wm. M. Finch, judge of the superior court of Glenn county, presiding, made an order denying said second or last-mentioned motion.

The appeal here, other than that from the judgment, is from the order made and entered by Judge Finch on the fifth day of March, 1909.

1. The claim for a reversal of the judgment is founded on the contention that the complaint does not state a cause of action. But the demurrer was properly overruled. The complaint contains all the averments essential to a statement of a cause of action in ejectment, to wit: The estate of plaintiff, possession by the defendant at the time of the commencement of the action, and his wrongful withholding the same. (*Haggin* v. *Kelly,* 136 Cal. 483, [69 Pac. 140]; *Hihn Co.* v. *Fleckner,* 106 Cal. 97, [39 Pac. 214]; *Hihn* v. *Magenberg,* 89 Cal. 268, [26 Pac. 968]; *Rego* v. *Van Pelt,* 65 Cal. 254, [3 Pac. 867]; *Payne* v. *Treadwell,* 16 Cal. 246; *McFarland* v. *Matthai et al.,* 7 Cal. App. 599, [95 Pac. 179].) The averment that de-

fendant's entry was without the consent of "plaintiff *and* its grantors" was superfluous, but it has never been, nor will it ever be, held that, because a complaint sets out more facts than are necessary to a statement of a cause of action, the pleading is for that reason alone obnoxious to the objections of a general demurrer.

2. We perceive no reason which would justify a disturbance of the court's order refusing to set aside and vacate the default and judgment of which complaint is here urged.

The most important of the several affidavits upon which the motion was pressed was that of C. F. Kimball, member of the law firm of Braynard & Kimball, attorneys for the appellant. In that affidavit it is alleged that the affiant "obtained an extension of time, by order of court, for said defendants to answer the complaint herein, which said extension of time expired on September 8, 1908, as shown by said order on file herein. By inadvertence, I neglected to make a record of such extension of time upon the office calendar of the law firm of Braynard & Kimball, attorneys for said defendants. Said extension of time was obtained on August 29, 1908, and was for ten days from such date." The affiant proceeds to aver that, on the second day of September, 1908, he departed from Redding, Shasta county, for the city of Stockton, to attend the Democratic state convention as a delegate to that body; that, after the adjournment of said convention, he visited Sacramento and San Francisco and did not return to Redding until the eleventh day of September, 1908, arriving there in the night-time, and from the time of his departure from Redding he had no consultation with Mr. Braynard, his partner, concerning business, until the morning of the 12th of September. The affidavit of Charles H. Braynard, of the law firm of Braynard & Kimball, corroborates Mr. Kimball, and, among other things, declares that affiant was unaware of the order made by the court on the twenty-ninth day of August, 1908, granting to the appellant further time within which to answer the complaint until the morning of September 12, 1908, at which time he was informed of said order by his law partner.

There can be no doubt that counsel for appellant signally failed to make such showing as would have warranted the court, in the exercise of its discretion, in vacating the judgment and setting aside the default entered against their client.

In order to justify the vacating of a judgment and the setting aside of a default, the party claiming to be thus aggrieved must show excusable neglect or present a reasonable excuse for his default. (*Shearman* v. *Jorgenson,* 106 Cal. 483, [39 Pac. 863]; *Edwards* v. *Hellings,* 103 Cal. 204, [37 Pac. 218]; *Hein* v. *Treadwell,* 72 Cal. 217, [13 Pac. 503]; *Reilly* v. *Ruddock,* 41 Cal. 312.)

As is said in *Shearman* v. *Jorgenson,* 106 Cal. 483, [39 Pac. 863], "it is only in exceptional cases that orders of this kind will be reversed by this court." But the facts here do not bring this case within the exception. One of the attorneys of the defendant was certainly aware of the extension of ten days granted by the court to the defendant to answer the complaint, and the fact that said attorney failed to make a note of that order of the court on the office calendar of the law firm of which he was a member, and that by reason thereof his partner failed to become apprised of such order, is no reason at all for excusing their default. In other words, we fail to see the force of the argument that the plaintiff should be compelled to suffer the consequences of the neglect of Mr. Kimball to give his partner timely information of the order made by the court granting them additional time in which to file an answer. It is not denied that Mr. Braynard knew that the thirty days' time allowed the defendant for answering the complaint granted by the court upon overruling the demurrer would expire on the thirty-first day of August, 1908, and that he must have believed that, so far as he was advised, the plaintiff would be entitled to a default judgment after the expiration of that time. Personally, he made no effort to secure further time beyond the thirty days originally granted to his client, and knew nothing of the order allowing additional time until the return of his partner to Redding and after the additional time secured by the latter had expired. We do not think that proper or any diligence was shown by the defendant in the matter. To the contrary, it would rather appear that, having suffered two defaults to be entered against him, he was inexcusably negligent. The entry of the default and judgment in the first instance ought to have been sufficient to put the defendant on his guard so that he would have avoided a repetition of the same difficulty. As stated, the facts do not justify interference with the ruling of the court below on the order appealed from.

The fact that the appellant, after the second default and judgment were entered, served upon the attorneys for the plaintiff an answer, of which "due service" was admitted by said last-mentioned attorneys, furnished no reason for allowing the motion. The alleged answer was served on the plaintiff's attorneys on February 18, 1909, after the denial of the first motion to set aside the judgment and default, but prior to the hearing of the second motion for the same purpose. The case had gone to judgment, and certainly, after that event, an answer or other pleading could avail nothing to the party offering it. Particularly is this true here since it is manifest that, under the terms of section 182 of the Code of Civil Procedure, the defendant was, so far as the facts disclosed here show, without authority or right to institute the second motion. That section provides that, save in cases where motions are refused for informality in the papers or proceedings necessary to obtain the order, or to motions refused with liberty to renew the same, an application for an order made to a judge of a court in which the action or proceeding is pending is refused in whole or in part, or is granted conditionally, no subsequent application for the same order shall be made to any court commissioner, or any other judge, except of a higher court. There is no showing here that the first motion was refused because of "informality in the papers or proceedings necessary to obtain the order," nor does it appear that liberty to renew the motion was granted.

For the foregoing reasons, the judgment and order appealed from are affirmed.

Chipman, P. J., and Burnett, J., concurred.