STATE *v.* THOMAS J. HEAPHY.

October Term, 1914.

Present: POWERS, C. J., MUNSON, WATSON, HASELTON, and TAYLOR, JJ.

Opinion filed January 9, 1915.

*Ejectment—Declaration—Sufficiency—Boundaries—Parol Evi-*
*dence—Declarations — Sufficiency — Adverse Possession—*
*Claim of Right—Necessity—Estoppel—Plea—Sufficiency.*

In an action of ejectment the declaration need give only a general description of the land in question, sufficiently certain to enable defendant to determine for what he is sued, plaintiff to point out to the officer the premises covered by the writ of possession, and all to understand the limits to which the title is established by the judgment.

Parol evidence may be resorted to for the identification of the monuments forming the starting point of the description recited in a declaration in ejectment, and a survey may be resorted to for the purpose of establishing particular points and limits of such description.

Where the description of the land given in a declaration in ejectment is apparently sufficient, conjecture will not be indulged to make it doubtful.

A plea of adverse possession that fails to aver that the alleged possession was under a claim of right is fatally defective.

A plea in ejectment, alleging merely that defendant and his grantors had been in actual, open, exclusive, and uninterrupted possession of the land in question for 50 years, without objection, is fatally defective for failure to aver that such possession was under a claim of right.

A plea in ejectment, alleging merely that plaintiff stood by and allowed and encouraged defendant and his grantors to erect buildings on the land in question, is insufficient as a plea of estoppel, in that it fails to aver that defendant and his grantors were misled by plaintiff's conduct.

EJECTMENT. Heard in vacation after the March Term, 1914, Washington County, by *Slack*, J., on plaintiff's demurrer to defendant's special pleas in bar. Demurrers sustained and pleas adjudged insufficient. The defendant excepted. The opinion states the case.

*H. C. Shurtleff* for the defendant.

*J. Ward Carver* for the plaintiff.

POWERS, C. J. To this action of ejectment the defendant pleaded two special pleas in bar, to which the plaintiff demurred. The pleas were adjudged insufficient, and the case comes here on the defendant's exceptions and before trial.

The defendant argues that the declaration so insufficiently describes the land in question that it cannot stand before the demurrer, when the latter reaches back under the familiar rule of pleading. This description is as follows: "Beginning at a granite marker in the northerly line of State Street, near the southwest corner of the Pavilion Hotel; thence in a straight line parallel with the westerly wall of the Pavilion Hotel 264 feet; thence turning a right angle and running westerly about 23 feet; thence turning a right angle and running southerly parallel with the first described line 264 feet to the northerly line of State Street aforesaid; thence easterly on said northerly line of said State Street to the point of beginning. The above strip of land being rectangular in shape, and being the easterly portion of the parcel of land conveyed to the plaintiff by Thomas Davis, by his deed dated August 3, A. D. 1808."

It will be noticed that the direction which the first line takes from the granite marker—whether it runs north or south therefrom—is not given. But the defendant makes no point of this, and could not, for the other parts of the description show that the line runs northerly from the starting point and that the land must lie on the north side of State Street; otherwise the survey would not close. It is claimed, however, that the marker is not sufficiently described, in that it is not shown to bear any distinguishing marks, nor is it made to appear that there is only one marker in that vicinity. And it is further claimed that the

use of the word "about" in specifying the distance which the line runs toward the west makes that bound too uncertain.

But we think the declaration is sufficient. All that is required by the present day rule is a general description of the land, which shall be sufficiently certain to enable the defendant to ascertain for what he is sued, the plaintiff to point out to the officer the premises covered by the writ of possession, and all to understand the limits to which the title is established by the judgment. *Davis* v. *Judge,* 44 Vt. 500; *Barclay* v. *Howell's Lessee,* 6 Pet. 498; *Off* v. *Heinrichs,* 124 Wis. 440. Obviously, parol evidence may be resorted to to identify monuments, and a survey may be resorted to for the purpose of establishing particular points and limits. Moreover, where, as here, the description is apparently sufficient, conjecture will not be indulged to make it doubtful. *Railsback* v. *Walke,* 81 Ind. 409; *Carpenter* v. *Grant,* 21 Cal. 140.

The first special plea alleges that the defendant and his grantors, without objection on the part of the plaintiff or any one else, have been in actual, open, exclusive and uninterrupted possession of the land in question for a period of 50 years prior to the bringing of this action.

In support of this plea, the defendant says that notwithstanding the fact that P. S. 1575 excepts from the operation of the statute of limitations lands belonging to the State, a grant is to be presumed from the long continued possession shown by the plea. But such a presumption, if available against the State, does not arise unless the possession is "positively and essentially adverse." *Grammar School* v. *Howard,* 84 Vt. at p. 12; *Sargent* v. *Ballard,* 26 Mass. 251. See also *Barber* v. *Bailey,* 86 Vt. at p. 223, and cases cited, where the rule is applied to prescriptive easements. It follows that this plea is fatally defective, since it does not show that the possession relied upon has been adverse,—that is to say, under a claim of right. *Colvin* v. *Burnet,* 17 Wend. 564.

The second special plea alleges, in substance that the plaintiff, without asserting any right or claim to the land in question, knowingly stood by and allowed and encouraged the defendant and his grantors to erect buildings on the land, which buildings now occupy the same. And it is argued that this is enough to estop the plaintiff. But the estoppel, if available, is not suf-

ficiently pleaded. It is not shown that the defendant or his grantors were misled by the plaintiff's conduct. For aught that appears, they knew all about the plaintiff's title, and did not rely at all upon the plaintiff's silence. *Boynton* v. *Hunt,* 88 Vt. 187, 92 Atl. 153. The use of the word "encouraged" in the plea adds nothing to it, for this is but the conclusion of the pleader, and the facts upon which the assertion is predicated are not shown.

*Judgment affirmed and cause remanded.*