[Civ. No. 2794.   Fourth Dist.   Sept. 22, 1941.]

FILOMENIA M. CARDOZA et al., Respondents, v. JOA-
QUIN MACHADO, Appellant.

Fred A. Shaeffer for Appellant.

Nelson & Castro for Respondents.

MORTON, J., *pro tem.*—This is an action to quiet title
to undivided interests in real property together with damages
for ouster.

By virtue of a three-year lease signed by the administratrix
of the mother's estate and expiring October 31, 1936, appel-
lant entered into and held exclusive possession of the Isom
Ranch.   The parties to this action are brothers and sisters,
and through the probate proceedings of the said estate each
acquired an undivided one-ninth interest in said ranch, except

Roza Williams, who received two-ninths, thereby all becoming tenants in common of the property. Some of the heirs had objected to the making of the aforementioned lease. About October 29, 1936, respondent Filomenia M. Cardoza talked with appellant in San Luis Obispo and stated she would not rent her portion of the property to him after the lease expired and that she was going to rent it to someone else. Appellant replied: "I will pop your head off if you go out there." On November 5, 1936, appellant tendered by letter $44.44 to each respondent as one-half of the rent for the ranch for the year November 1, 1936, to October 31, 1937. Each respondent refused to accept said amount and refused to rent their interest in said ranch to appellant. Three of the respondents, knowing of the threat to shoot Filomenia M. Cardoza, wrote letters to appellant November 13, 1936, demanding to be let into possession of said ranch. These letters appellant received but did not answer. In subsequent conversations which certain of the other respondents attempted to have with appellant, he threatened violence if they attempted to come on the property. All of the respondents knew of the threats made by appellant if they interfered with his possession of the ranch. Appellant remained in sole possession of the ranch, except he did allow his two brothers, Frank Machado and Domingo Machado, to pasture cattle with his herd. These two brothers, named as defendants, disclaim and waive any and all interest in the action except they request the court to recognize the ownership of a one-ninth interest as to each. This situation continued for two years and then plaintiffs and respondents filed this action December 10, 1938; in the first cause to recover rent of defendant Joaquin Machado; the second cause to be let into possession of their respective interests and recover damages for withholding possession thereof; the third cause of action to quiet title as to each child's interest in the ranch.

After hearing the evidence the trial court found that each of the children was the owner and entitled to the possession of a one-ninth interest except that Roza Williams owned an interest of two-ninths until October 22, 1937, on which date she conveyed to Joe S. Lewis, Amelia Lewis Garner and Cecelia Serpa by deed an undivided one-ninth part of the Isom Ranch. Damages were awarded to the ousted owners as follows: to plaintiffs and respondents Filomenia M. Car-

doza, Manuel Machado, Mary Mello and John H. Machado the sum of $283.33 each from defendant Joaquin Machado; to plaintiff and respondent Roza Williams the sum of $382.23 from said defendant Joaquin Machado.

The respondents as tenants in common had a right to enter upon and participate in the possession of the common property. The conduct and statements of the defendant Joaquin Machado were such as to prevent each of his co-owners except Frank Machado and Domingo Machado from enjoying their interests in the property and from interfering in any way with his sole possession and use of the entire ranch. His threats of violence caused them to fear personal injury if they went upon the ranch premises for any purpose. It is true that some of the respondents attempted to talk with appellant regarding leasing the entire ranch to an outside individual, but appellant by his words clearly informed them he would not allow anyone to interfere with his enjoyment of the entire ranch. Appellant exceeded his rights in thus forbidding them to come upon the ranch.

"An ouster, in the law of tenancy in common, is the wrongful dispossession or exclusion by one tenant in common of his cotenant or cotenants from the common property of which they are entitled to possession. It differs from the acts constituting an ouster in other cases only in the evidence by which it may be established." (62 C. J. 426, sec. 32.)

Referring to the case of *Carpentier* v. *Webster*, 27 Cal. 524, at 563, we find:

"The result of the cases is well presented in 2 Greenleaf's Evidence, sec. 318: 'An ouster in such case, therefore, must be proved by acts of an adverse character; such as claiming the whole for himself, denying the title of his companion, *or refusing to permit him to enter,* and the like.' . . . The defendant, by the rule of the relation, is entitled to possess the land, and every part of it, in common with the plaintiff; and the plaintiff has the right to possess the land, and every part of it, in common with him; but if either the one or the other prevents his associate from entering upon the land, or any part thereof, he performs an act which the law of the relation forbids, and the wrong would be none the less a wrong for the reason that it was perpetrated by a coproprietor." (See also *Rego* v. *Van Pelt,* 65 Cal. 254 [3 Pac.

867], at 256; *Tevis* v. *Hicks*, 38 Cal. 234; *Phelan* v. *Smith*, 100 Cal. 158 [34 Pac. 667], at 167.)

Appellant in his answer denies the title of respondents, thus verifying his alleged attitude and making an issue of the title herein.

From the evidence it would appear that appellant was offended because respondents, his brothers and sisters, desired to rent the entire ranch to an outside party for $1500 a year. It did not justify him in threatening to do violence to his sister or any of the other respondents if they came out to the ranch or interfered with his *sole* possession. Here the question of ouster was one to be determined by the court upon the evidence presented through the witnesses. The trial judge evidently placed little confidence in appellant's testimony that he had no objection to his brothers and sisters also enjoying possession of the ranch as to their respective shares. It would appear that the evidence and pleadings clearly establish an ouster.

As to the value of the use and occupation of the land, considerable testimony placed it at approximately $1500 a year. Appellant did not deny this testimony, but his tenders to his cotenants would place his valuation at approximately $800 a year. From this evidence the trial court awarded damages in its judgment as follows:

"1. That each of the plaintiffs, Filomenia M. Cardoza, Manuel Machado, Mary Mello and John H. Machado, do have and recover of and from said defendant, Joaquin Machado, the sum of Two Hundred and Eighty-three and 33/100 ($283.33) Dollars.

"2. That the plaintiff, Roza Williams, do have and recover of and from said defendant, Joaquin Machado, the sum of Three Hundred and Eighty-two and 23/100 ($382.23) Dollars."

There is ample evidence to support the findings and judgment on this issue.

The remaining portion of the judgment does not recognize the interest of defendants although admitted by the parties and the findings establish that each defendant is entitled to a one-ninth interest in said property. As the judgment fails to adjudicate and pass upon this material issue it must be modified here.

It is ordered:

That commencing with paragraph 3, the remaining portion of the judgment be stricken.

In lieu of the portion stricken the following is inserted:

"3. That plaintiffs, Filomenia M. Cardoza, Manuel Machado, Mary Mello and John H. Machado, and defendants Frank Machado, Domingo Machado and Joaquin Machado, were on November 1st, 1936, ever since have been and still are each the owner in fee and entitled to the possession of an undivided one-ninth part of that certain real property, situate in the County of San Luis Obispo, State of California, commonly known as the Isom Ranch.

"4. That plaintiff, Roza Williams, was on November 1st, 1936, ever since has been and still is, the owner in fee and entitled to the possession of an undivided two-ninths part of that certain real property, situate in the County of San Luis Obispo, State of California, commonly known as the Isom Ranch, subject to a conveyance by said Roza Williams of an undivided one-ninth part of said Isom Ranch, to Joe S. Lewis, Amelia Lewis Garner and Cecelia Serpa, dated October 22nd, 1937.

"5. That the respective titles of the said respective plaintiffs, Filomenia M. Cardoza, Manuel Machado, Roza Williams, Mary Mello and John H. Machado, be and they are hereby quieted against all claims of defendant, Joaquin Machado, and the said Joaquin Machado is hereby restrained and enjoined from asserting any right, title or interest in said real property, or any part thereof, adverse to said plaintiffs other than to his undivided one-ninth part thereof as tenant in common with the other parties hereto."

As so modified the judgment is affirmed. Neither of the parties will recover costs.

Marks, Acting P. J., and Griffin, J., concurred.