[Civ. No. 41357. Second Dist., Div. Two. Oct. 17, 1973.]

ALLEN V. C. DAVIS, Plaintiff and Appellant, v.
JEFF S. KAY et al., Defendants and Respondents.

## COUNSEL

Kurt Lewin for Plaintiff and Appellant.

Salute & Allen and Eugene M. Salute for Defendants and Respondents.

## OPINION

**ROTH, P. J.**—Appellant and plaintiff Allen V. C. Davis appeals from an order setting aside a summary judgment against respondents-defendants Jeff S. Kay, Evelyn N. Kay and David J. Kay.

On March 8, 1972, appellant sued respondents for money past due on a note. Respondents were served two days later. On April 26, 1972, no

answer having been filed, a default judgment was entered. On May 23, 1972, respondents, on grounds of excusable neglect attributable to their attorneys' secretary, moved for relief under Code of Civil Procedure section 473. Respondents' motion was supported by a declaration of the secretary of respondents' attorney in which she stated that she had mistakenly recorded the wrong date for the answer to be filed. Appellant resisted the motion but in the alternative consented on condition that respondents be required to post a bond as security for a judgment as a condition for relief from the default.

On June 1, 1972, the court granted the motion but did not require a bond. The next day appellant served notice to take deposition on all defendants on June 14, 1972. Respondents' motion to continue was denied and depositions were taken and completed and on the 22d of June 1972, appellant served and filed a motion for summary judgment calendared to be heard on July 3, 1972.

The motion for summary judgment supported by points and authorities and declarations of appellant and his counsel respectively are replete with probative facts and, in addition, include exhibits A to Q, both inclusive, all of which are set forth in pages 56 to 97 of the clerk's transcript and were served upon respondents' lawyers on June 22, 1972. Respondents filed no opposition to the motion and did not appear on the date set for hearing, to wit: July 3, 1972. On that day the motion was granted by the trial court. Two days later appellant was served with a notice of ruling on the motion and on July 26, 1972, the court signed the proposed judgment.

On July 28, respondents served appellant with a notice of intent to vacate the judgment pursuant to Code of Civil Procedure section 473. The motion was once again based upon the neglect of respondents' counsel's secretary to calendar the July 3 hearing.

Thus, at bench, two separate default judgments were entered against respondents. In both instances the motion to set each judgment aside was based upon the tenuous excuse of secretarial inadvertence. The affidavit of the secretary said in pertinent part:

"On June 22, 1972, the Notice of Motion for Summary Judgment; Points and Authorities; and Declarations were received in our office. Mr. Salute indicated that we were going to prepare counter declarations, but I inadvertently failed to calendar the motion so that we could prepare the counter declarations.

"On June 30, 1972, I was preparing to leave on vacation and was compiling a list of things to do for Mr. Salute while I was gone, but since I neglected to calendar the motion, the notation for preparing the counter declarations was not noted on the list. Therefore, Mr. Salute was not aware that the motion was set for July 3rd."

Appellant resisted the motion to vacate the judgment or in the alternative, asked the court to require respondents to post a bond in the amount of the judgment to be vacated. On August 2, 1972, the court, without permitting argument, granted the motion to vacate the judgment without requiring any bond. It is from this order that the appeal is taken.

Appellant recognizes that the granting of relief under Code of Civil Procedure section 473 is largely a matter of discretion and unless an abuse of discretion affirmatively appears the ruling will not be disturbed on appeal. (*Moreno* v. *Venturini* (1969) 1 Cal.App.3d 286, 291 [81 Cal.Rptr. 551].)

■ The averments of the secretary excerpted above expressly show that appellant's notice of motion for summary judgment and its bulky contents were received on June 22, and the statement that "we were going to prepare counter declarations" is implicit with the admission that Mr. Salute had examined the motion and its contents when it was received in his office on June 22, and knew at the time or could have known without effort that it was calendared to be heard but ten days away and that the points and authorities and the exhaustive declarations with exhibits A to Q attached, would require substantial time for preparation of answers. The busiest attorneys with completely competent secretaries generally charge their minds with pressing and complex court commitments which appear to be imminent. We cannot assume that any attorney examining the notice of motion referred to on June 22 would not have noted the time it was set to be heard, especially if he said, as quoted by the averring secretary "that we were going to prepare counter-declarations."

Further, after failing to appear on July 3, counsel for respondents were notified two days thereafter of the court's ruling but did not bother until July 28—23 days after they were notified of the July 3d ruling to take any steps to vacate it. The record is such as to indicate that the tactics of counsel for respondents was to proceed with all deliberate delay. We will not tolerate such tactics.

There was an abuse of discretion on the part of the trial court in respect of the order made. The inadvertence referred to in section 473 is not in-

advertence in the abstract but it must be inadvertence which is satisfactory. (*Shearman* v. *Jorgensen* (1895) 106 Cal. 483, 485 [39 P. 863]; *Price* v. *Hibbs* (1964) 225 Cal.App.2d 209, 217-218 [37 Cal.Rptr. 270].) In *H. A. Pulaski, Inc.* v. *Abbey Contr. Specialties, Inc.* (1969) 268 Cal.App.2d 883, 889 [74 Cal.Rptr. 590], the court held that it was not excusable neglect to turn a file over to a girl who was obviously dissatisfied with her job. Likewise, in *Victor Power and Mining Co.* v. *Cole* (1909) 11 Cal.App. 497, 502-503 [105 P. 758] the court stated that the entry of a first default should have placed an attorney on notice that he should avoid the same difficulty. At bench, counsel for respondents should have been placed on notice as to the alleged unreliability of his secretary when the first default was entered, but irrespective of the secretary's omission the first time, the record clearly charges respondents' counsel with personal notice that the motion for summary judgment was to be heard on July 3, 1972. No showing of excusable neglect or inadvertence is made which has a legal, equitable or otherwise valid claim upon judicial discretion for relief.

The order vacating the summary judgment is reversed and set aside and the trial court is directed to restore and enter the vacated summary judgment in favor of plaintiff and appellant Allen V. C. Davis.

Fleming, J., and Compton, J., concurred.

A petition for a rehearing was denied November 12, 1973, and the petition of respondent David J. Kay for a hearing by the Supreme Court was denied December 14, 1973.