## WHITNEY v. ARNOLD.

Where, to a certificate of proof, by a subscribing witness, of the execution of a deed, the witness adds his signature, and the officer adds the usual jurat to an affidavit, such additions do not vitiate the certificate, if without them it shows a substantial compliance with the requirements of the statute. The signature of the witness and the jurat may be rejected as surplusage.

APPEAL from the District Court of the Sixth Judicial District, County of Sacramento.

This was an action of ejectment, to recover the possession of certain premises, situated in the city of Sacramento. Both parties claim title through Henry A. Caulfield—the defendant by a conveyance executed on the twenty-third day of December, 1856, and the plaintiff by a conveyance executed on the second day of April, 1857. Both the deeds include the premises in controversy; both were filed in the office of the recorder for record; that to the defendant on the eighth day of January, 1857, and that to the plaintiff on the fifteenth of April following; and both were transcribed in the proper books of the office.

The proof of the execution of the deed to the defendant, is in the following form :

"*State of California, County of Sacramento.*—On this twenty-third day of December, 1856, before me, a justice of the peace, in and for said county, personally appeared Eli Mayo, known to me to be the person whose name appears as a subscribing witness to the foregoing instrument, who, being by me first duly sworn, declared that Henry A. Caulfield, known to affiant personally as the person described in and who executed the foregoing conveyance, executed the same in the presence of affiant, and declared that he executed the same freely and voluntarily for the uses and purposes therein mentioned, whereupon affiant became a subscribing witness.

" In witness whereof I have hereunto set my hand.
                                        " ELI MAYO.
" Subscribed and sworn to before me this twenty-third day of December, A. D. 1856.
                    " JAMES ALEXANDER, Justice of the Peace."

It was objected, on the trial, that this was insufficient proof of the execution of the deed to entitle it to record. The Court below sustained the objection, and as there was no proof of actual notice to the plaintiff of the defendant's claim, he had judgment, from which the defendant appealed.

*L. Hermance* for Appellant.
Cited Act concerning Conveyances, §§ 10, 11, 12, 13.

*Crocker and Robinson* for Respondent.
The deed to the defendant was not sufficiently proved to entitle it to record. The proof of the execution is the affidavit of the subscribing witness, and not the certificate of the officer.

FIELD, J., after stating the facts of the case, delivered the opinion of the Court—TERRY, C. J., and BALDWIN, J., concurring.
No objection is taken to the record of the deed to the plaintiff, and the case turns on the question whether the proof of the execution of the deed to the defendant was sufficient to entitle the deed to record. The plaintiff purchased without actual notice of the defendant's title, and can only be defeated of a recovery by constructive notice from the registry. The form in which the proof of the execution of the deed to the defendant is presented, is objected to. It is contended that it is not the certificate of the officer, but merely the affidavit of the subscribing witness. We do not think the objection well taken. The signature of the witness, and the addition of the usual jurat to an affidavit, were unnecessary, and may be rejected as mere surplusage. They

can not vitiate, by their presence, the certificate, if without them it shows a substantial compliance with the requirements of the statute.   No particular form is necessary to the certificate of the officer.   It shall set forth, says the statute, " the following matters : *first,* the fact that such subscribing witness was personally known to the officer granting the certificate to be the person whose name is subscribed to such conveyance, as a witness thereto, or was proved to be such by oath or affirmation of a witness whose name shall be inserted in the certificate ; *second,* the proof given by such witness of the execution of such conveyance, and of the fact, that the person whose name is subscribed in such conveyance, as a party thereto, is the person who executed the same, and that such witness subscribed his name to such conveyance as a witness thereof." (Act concerning Conveyances, § 13.)

The certificate to the deed of the defendant conforms substantially to the provisions of this section.   It shows the identity of the witness produced with the person whose name is subscribed as a witness to the conveyance, such identity resting in the personal knowledge of the officer, and sets forth the proof of the execution, and that Caulfield, " whose name is subscribed to such conveyance as a party thereto," executed the same, which is equivalent to the words " is the person who executed the same," in the presence of the witness, who thereupon became a subscribing witness thereof.   Further particularity is not required. It follows, that the certificate was sufficient to entitle the deed to registry, and its record imparted notice to the plaintiff.

Judgment reversed, with directions to the Court below to enter judgment upon the agreed statement of facts for the defendant.