[L. A. No. 1384.   Department Two.—June 27, 1905.]

## STELLA BURTON, Respondent, v. EDWARD MULLE-NARY, Appellant.

QUIETING TITLE—DEED FROM HUSBAND TO WIFE—DEFENSE OF FRAUD UPON CREDITORS—SUPPORT OF FINDINGS—APPEAL.—In an action by a wife to quiet title under a deed from her husband against a subsequent purchaser under execution sale against him, who defended on the alleged ground that the deed was made to defraud the husband's creditors, where the court found upon sufficient evidence that the husband was solvent when the deed was executed, and that it was not made with intent to defraud any creditor, and there was conflicting evidence as to the validity of the defendant's claim, an order denying a new trial will not be disturbed for insufficiency of the evidence to support such findings.

ID.—VALIDITY OF DEFENDANT'S CLAIM—JUDGMENT NOT CONCLUSIVE—PLEADING — FINDING — CONFLICTING EVIDENCE — CONCLUSION OF COURT.—The plaintiff was not bound by the judgment by default against her husband; nor was she concluded thereby from contesting the validity of the claim upon which the judgment was founded.   Where the meritorious character of the cause of action against the husband was not alleged in the answer, the court was not required to find thereupon; and where the validity of the claim was contested upon the trial, and the evidence was conflicting, there was nothing to preclude the conclusion that the court considered the judgment as not founded upon a meritorious cause of action.

ID.—PLAINTIFF'S DEED NOT VOID FOR UNCERTAINTY—EVIDENCE.—The
fact that the deed to the plaintiff described the land in contro-
versy as being "a lot 90x450 on the northwesterly corner" of speci-
fied streets, in a specified city, county, and state, does not render
it void for uncertainty where the evidence showed that the grantor
owned a lot of land at that corner ninety feet by four hundred
and fifty feet, and owned no other land in that neighborhood.

APPEAL from an order of the Superior Court of Santa
Barbara County denying a new trial. W. S. Day, Judge.

The facts are stated in the opinion of the court.

B. F. Thomas, for Appellant.

C. A. Storke, for Respondent.

McFARLAND, J.—This is an action to quiet plaintiff's
title as against the defendant, Mullenary, to a city lot in the
city of Santa Barbara. The lot is described in the complaint
by metes and bounds, and the description shows it to be a lot
ninety feet by four hundred and fifty feet, situated on the
northwesterly corner of Cola and De la Vina streets in said
city. Defendant sets up a defense and claim of ownership
which will be noticed hereafter. The findings and judgment
were for plaintiff; and defendant appeals from an order deny-
ing his motion for a new trial.

On February 7, 1895, the lot in question was owned by one
Ben Burton, who was the husband of respondent, and on that
day he executed to respondent a deed conveying the lot to her
in fee. (Appellant contends that this deed was void for un-
certainty of description; and this point will be noticed here-
after.) Respondent took possession of the lot under that
deed, and has been in continued possession of it—the lot hav-
ing a house on it and being inclosed by a fence—and claiming
title to it against all persons and paying all taxes on it; and
her said continuous possession extended over a period of
more than five years next preceding the commencement of
this action. At or about the time of this deed to respondent
by her husband the latter deserted her and left this state. He
has never returned to her, but has continued his desertion,
and respondent has ever since lived separately from him. This
action was commenced May 7, 1901,—more than six years

after the execution of said deed and after the beginning of said desertion. At the time of the execution of said deed respondent's husband also conveyed to her a tract of land in the county of Santa Barbara, containing about twenty thousand acres, being a part of the Rancho Jesus Maria, and which we will call for convenience the "rancho." This property was mortgaged to the German Savings and Loan Bank for forty-five thousand dollars.

Appellant sets up as a defense to the action that the said deed to respondent of the lot here in contest by her husband was made by the latter with intent to hinder and defraud his creditors, and was therefore fraudulent and void; that at the time Ben Burton conveyed the rancho to respondent he was indebted to appellant in the sum of $3,466 for services rendered said Burton by appellant and his wife, as employees on said rancho; that on December 30, 1898, appellant commenced an action against said Burton to recover said amount of money, with interest, and procured a writ of attachment to be issued and levied on this lot here in contest; that on November 18, 1900, judgment was rendered in said action for appellant for the said amount of money and interest from February 1, 1895,—Burton having been served by publication; that on March 7, 1901, a writ of execution was issued on this judgment, under which the lot in question was, on March 30, 1901, sold by the sheriff to appellant, who received and now holds the certificate of purchase under the sale, and no redemption has been made. Upon these alleged facts appellant prays judgment that respondent is not the owner or entitled to possession of the said lot, and that appellant is the owner thereof, subject to the right of redemption by those entitled to redeem.

The court found that Ben Burton was not insolvent at the time he executed the said deed to respondent, and that it was not made with intent to hinder, delay, or defraud his creditors, or particularly the appellant. It is also found that respondent continuously held possession of the premises adversely to the whole world from February 7, 1895, to the time of the finding, claiming title under said deed, and having paid all the taxes; and under this finding she had title by prescription. If either of these findings is right, the motion for a new trial was properly denied.

Appellant contends that the finding that the deed in question was not made with intent to defraud the creditors is not supported by the evidence; but this contention cannot be sustained. There is no warrant for disturbing the finding; and, moreover, it is difficult to see how the court could have found otherwise. Apart from the mortgage on the rancho and the claim which appellant set up more than three and one-half years after Burton had gone away, the only debts shown to have been owing by Burton were trivial,—being some small claims against the rancho business amounting to from two hundred to three hundred dollars, which the respondent paid when she came into possession of the rancho. Of course, the mortgage on the rancho cuts no figure in the question. There was no evidence or pretense whatever that this rancho of twenty thousand acres was not worth more than the amount of the mortgage. As to appellant's claim for back services for himself and his wife at the rancho, there is nothing to show that Burton had the slightest knowledge or suspicion of such a claim or intent to defeat the same. Appellant occupied, to some extent, the position of foreman or superintendent, and handled a considerable part of the money received from the produce of the rancho, and it is rather remarkable, under the circumstances, that in February, 1895, Burton should have owed him for between three and four years' back wages for himself and for more than five years' back wages for his wife. Of course, respondent was not bound by appellant's default judgment against Ben Burton, or concluded from contesting the claim on which that judgment rested. That claim was contested at the trial of this present action, and the evidence as to the validity of that claim was, to say the least, conflicting. The court did not find on that subject, and was not called upon to do so, for it was not made an issue by the pleadings. The answer merely sets up the appellant's action against Burton, the attachment, judgment, execution sale, etc., without any averment of the merits of the alleged cause of action, and the court merely finds what the appellant alleged on that subject; and there is nothing to preclude the conclusion that the court considered the judgment as not founded on a meritorious cause of action. At all events, there is no warrant for holding that the court should have found that the deed from Burton to his wife was made with intent

to defeat appellant's said asserted claims.  Moreover, it appears that Burton had from ten thousand to twelve thousand dollars in cash.  There is, therefore, no good reason for upsetting the finding of the trial court that he did not convey the lot in contest with intent to defraud his creditors.

The contention of appellant, above referred to, that the deed from Burton to respondent was void for uncertainty of description, is founded on the fact that in the deed the expression "90x450" is used without the use of the word "feet," or any other word, to denote the quantity the said figures were intended to express.  The lot is described as lying and being in the city and county of Santa Barbara, in the state of California, and then comes this language: "A lot 90x450 on the northwesterly corner of Cola and De la Vina streets, together with all and singular the tenements," etc., but it was shown by the evidence that Ben Burton at the time of the deed owned a lot on the said corner of Cola and De la Vina streets ninety feet by four hundred and fifty feet, and that he did not own any other land in that neighborhood.  This was sufficient to show the lot conveyed, and the deed was not void for uncertainty.

Appellant contends that the court erred in allowing the respondent when on the witness-stand to testify to the contents of a letter which she had received from her husband at the time she received the deed, which letter she says she had destroyed.  It is not necessary to determine whether or not this ruling of the court was technically erroneous; for what the witness said as to the contents of the letter was not of sufficient consequence to affect the merits of the case.  All that she said on the subject was this: "He simply said that he had left me; he did not say that he was not going to return; simply that he had left me forever."  There was no dispute about the fact of the desertion.

The foregoing makes it unnecessary to discuss appellant's title by prescription.

The order appealed from is affirmed.

Lorigan, J., and Henshaw, J., concurred.