[Civ. No. 182.   Second Appellate District.—March 16, 1906.]

# E. B. MULLENARY, Respondent, v. J. B. BURTON, Appellant.

ACTION FOR SERVICES—IMMATERIAL JUDGMENT-ROLL—EVIDENCE—PAYMENT.—In an action to recover for services, the erroneous admission in evidence of a judgment-roll in another action, for the sole purpose of rebutting a claim of payment, is without prejudice to the defendant, if there was no proof of payment to rebut, and the judgment-roll had no other connection with the issue.

ID.—CUSTOM IN KEEPING ACCOUNTS.—In such action, the plaintiff may testify as to his custom in keeping his book accounts.

ID.—SUPERINTENDENT OF RANCH—DISPOSITION OF GRAIN.—In an action to recover for services as superintendent of a ranch, it is not error to reject testimony as to the disposition of the grain raised upon the ranch after the defendant ceased to have any interest therein.

ID.—DATE OF BRINGING ACTION.—Oral evidence of the time of bringing an action is inadmissible, as the record is the best evidence of such date.

ID.—ACCOUNT FOR SERVICES—INTEREST.—Under section 3278 of the Civil Code, a balance due for salary under a contract of employment at a specified amount per year, bears interest from maturity, as does also a balance due for wages, under a contract of employment to pay the reasonable value thereof per month.

STATUTE OF LIMITATIONS—PLEADINGS.—A plea of the statute of limitations is sufficient which refers to the particular section of the Code of Civil Procedure relied on, without designating the particular subdivision of that section under which the claim is asserted.

APPEAL from a judgment of the Superior Court of Santa Barbara County, and from an order refusing a new trial. J. W. Taggart, Judge.

The facts are stated in the opinion of the court.

C. A. Storke, for Appellant.

B. F. Thomas, for Respondent.

ALLEN, J.—Action on account for services. Verdict and judgment for plaintiff, from which judgment, and a conditional order denying a new trial, defendant appeals.

The complainant alleges that on January 1, 1889, defendant employed plaintiff as ranch superintendent and agreed to pay him for such services $600 per annum; and, in addition, to furnish plaintiff and his family board. Plaintiff concedes a payment for such services to the extent of $1,624, and alleges the balance to be unpaid. The complaint contains a second count, which avers that plaintiff's wife performed services on said ranch as cook for defendant's servants under an employment, for which services defendant agreed to pay a reasonable salary; that such reasonable salary was and is $20 per month, no part thereof being paid. It is further alleged that on February 5, 1895, defendant left the state of California and has ever since that date been absent therefrom. Defendant pleaded payment as to the claim averred in the first count, and denied the employment of the wife, or that the reasonable value of her services was as claimed, or any other sum. As a further defense, the statute of limitation is pleaded by a general averment that the causes of action against defendant were long since barred by the provisions of section 339 of the Code of Civil Procedure. The jury found a verdict in plaintiff's favor for $5,588.19, which is the full amount claimed by plaintiff after deducting the admitted payment, together with interest thereon from February 1, 1895.

The court, upon hearing the motion for a new trial, made its order "that within ten days from date hereof plaintiff credit upon the judgment entered herein the sum of $1,500, or that within the said time plaintiff file herein his written consent that such credit be made upon said judgment upon the final determination of the action of *Stella Burton* v. *Ed. Mullenary*, No. 5,034 in this court, now pending on appeal to the supreme court in favor of defendant, plaintiff herein. Should final judgment in said action be in favor of plaintiff therein (Stella Burton), judgment herein to be immediately of full force and effect. Execution on judgment herein to be stayed until final judgment is entered in said action of *Burton* v. *Mullenary*, and neither said judgment nor said credit to bear interest. Plaintiff failing to make the credit or file the written consent above mentioned within ten days from the date

hereof, motion for new trial is granted. If plaintiff makes the foregoing credit or files said written consent within the time named, then said motion for a new trial is denied.'' Defendant appeals from so much of said order as denies his said motion for a new trial on condition above stated. It is admitted that the written consent above specified was duly filed by the plaintiff within the time required; and we take notice of the fact that the case of *Burton* v. *Mullenary,* on appeal to the supreme court and mentioned in said action, was affirmed by the supreme court June 27, 1905 (147 Cal. 259, [81 Pac. 544]).

The first point presented by appellant upon this appeal is that the trial court erred in admitting in evidence the judgment-roll in the case of *Stella Burton* v. *Mullenary,* said judgment being upon appeal and defendant herein not a party thereto or bound thereby. The defendant, in support of his plea of payment, introduced papers and proceedings in another case between plaintiff and defendant, among which papers was a certain receipt given to the sheriff for $1,500 in consideration of the execution of a certificate of sale in that action. It further appears from the record and papers introduced that the service upon defendant in that action was a substituted one, and therefore no personal judgment could exist other than one having the effect of a judgment in rem, valid only for the purpose of upholding a sale of attached property. (*Anderson* v. *Goff,* 72 Cal. 65, [1 Am. St. Rep. 34, 13 Pac. 73].) The certificate of sale so in evidence was insufficient to establish that plaintiff had acquired a title by such sale. The sale was not consummated until execution of deed by the sheriff, and until such consummation the estate remained in the judgment debtor. (*Cummings* v. *Coe,* 10 Cal. 531; *McMillan* v. *Richards,* 9 Cal. 412, [70 Am. Dec. 655].) No deed being offered in evidence, there was, therefore, in a strict sense, no proof of payment to rebut, and, the introduction of the judgment-roll objected to being only for that purpose and it having no possible connection with the issues other than as relating to such payment, its receipt in evidence was not prejudicial. In addition, the record discloses that upon the motion for a new trial the order fully protected the defendant from the possibility of paying this $1,500 a second time. The affirmance of the case referred to

in the order establishes the invalidity of the sale upon which
the receipt was based.

The foregoing observations, with reference to the first
point, apply to the second and third points raised by ap-
pellant, which relate to the same unconsummated sale by the
sheriff, and to the same claim of payment relied upon by
reason of the certificate.

The next point made by appellant is that it was error to
permit plaintiff to state his custom in keeping accounts. We
perceive no error in this regard. It is always competent,
when books of account are introduced, to show the time at
which the entries were made. Nor do we find any error in the
action of the court in rejecting testimony as to the disposi-
tion of the grain raised upon the ranch after defendant ceased
to have any interest therein; nor in sustaining an objection
to the offer of oral proof of the time of bringing the action,
as to which latter matter the record was the best evidence of
such date. The account-book received in evidence was shown
to be a book of original entries kept by the plaintiff, but
nothing was contained therein other than the payments made
by defendant to plaintiff, and the items entering into the
general credit of $1,624, mentioned in the complaint.

Appellant next contends that certain charges given by the
court to the jury were erroneous. We perceive no error in
the first and fourth instructions. They should be read in
connection with the other instructions given, and the whole
together correctly state the law upon the subject to which
they are directed.

We are of opinion that it was proper to allow interest
from the date of the termination of the employment upon the
unpaid amount due plaintiff, either on account of his own
services or those of his wife, which were not barred by the
statute of limitations. Section 3278, Civil Code, provides:
"Every person who is entitled to recover damages certain,
or capable of being made certain by calculation, and the right
to recover which is vested in him upon a particular day, is
entitled also to recover interest thereon from that day." The
contract had been fully performed by plaintiff and his wife,
the fruits thereof accepted by the defendant without objec-
tion, and he was clearly in default. The only matter for as-
certainment was the value. There can be no question of the

certainty of ascertainment of the amount of plaintiff's claim on account of his own services, and we think that interest from the maturity of the claim was recoverable, as well, on account of the wife's services, notwithstanding the value was not fixed by the contract. (*Mix* v. *Miller,* 57 Cal. 356.) The court erred, however, in charging the jury that they must disregard the plea of the statute of limitations and render a verdict, if they found in plaintiff's favor, for the whole sum earned and unpaid between the commencement of the services and their termination. The theory of the trial court that the statute was improperly pleaded, by reason of the omission in the answer to designate the subdivision of section 339 under which the claim was asserted, is held not to be correct in *Churchill* v. *Woodworth,* 148 Cal. 669, [84 Pac. 155]. The error, however, in this charge to the jury, was in no sense prejudicial, as affecting the claim of plaintiff for his own services and those of his wife for the two years preceding the commencement of the action. There was no testimony or claim tending to show that any portion of these services were barred. But as to all preceding services the bar was complete, and such charge, or refusal to charge, in connection with the statute of limitations, could be prejudicial only as affecting that portion of the claim actually barred. It is seen from the record that the payments of money received during the two years immediately preceding the expiration of the term of employment were insufficient, coupled with the payments made between February, 1901, and 1903, to pay for the services of those two years. There is, therefore, no testimony even tending to show payment on account of services of the husband or wife for the two years immediately preceding February 1, 1895, amounting, with interest to the date of the rendition of judgment, to the sum of $2,710.63, and the plaintiff is therefore entitled, if he shall so elect, to an affirmance of the judgment to that amount; otherwise, a new trial will be necessary.

It is therefore ordered that upon the plaintiff's filing in the lower court, within thirty days from the filing of the *remittitur,* his consent to a modification of the judgment, by striking out the words and figures "five thousand five hundred and eighty-eight dollars and nineteen cents ($5,588.19)," and inserting in lieu thereof the words and figures "two thousand seven hundred ten dollars and sixty-three cents ($2,-

710.63)," the judgment and order so modified shall stand affirmed; and that, if such written consent be not filed, the judgment and order appealed from be reversed.

Gray, P. J., and Smith, J., concurred.