[S. F. No. 6066.   In Bank.—July 3, 1914.]

MARY BOND, Appellant, v. RUTH AICKLEY, Adminis-tratrix of the Estate of W. C. Aickley, Deceased et al., Respondents.

QUIETING TITLE—PRIOR POSSESSION AS EVIDENCE OF OWNERSHIP.—As between the parties to an action to quiet title, neither of whom can connect himself with the legal title, the one who proves prior posses-sion in himself or those through whom he claims, makes out a suffi-cient showing of ownership entitling him to a decree quieting his title.

ID.—OCCUPANCY AS EVIDENCE OF TITLE.—Occupancy for any period con-fers a title sufficient against all except the state and those who have title by prescription, accession, transfer, will, or succession.

ID.—POSSESSION IS PRIMA FACIE EVIDENCE OF OWNERSHIP.—It has always been the law in this state that possession is *prima facie* evi-dence of ownership.

ID.—BONA FIDE PURCHASER—RECORDATION OF PRIOR DEED—LIS PENDENS. A subsequent purchaser from a defendant in an action to quiet title is not a *bona fide* purchaser as against the plaintiff claiming under a prior deed from the same grantor, if the plaintiff's deed had been previously recorded, and the deed to the subsequent purchaser was made after a *lis pendens* had been recorded in the action.

ID.—DEED—DEFECT IN DESCRIPTION—OMISSION OF WORD "FEET" IN ONE CALL.—The omission from a deed of the word "feet" in the call locating the starting point of the description, does not render it so indefinite as to make impossible the identification of the land sought to be conveyed, and thus to warrant its exclusion from evi-dence in an action to quiet title, if every other distance therein is given in the terms of "feet," and the addition of such word would make the description cover the lot in controversy.

APPEAL from a judgment of the Superior Court of Ala-meda County and from an order refusing a new trial.   T. W. Harris, Judge.

The facts are stated in the opinion of the court.

F. A. Berlin, for Appellant.

E. A. Holman, and L. D. Manning, for Respondents.

SLOSS, J.—The plaintiff brought this action against W. C. Aickley and others to quiet her title to a parcel of land in

the city of Oakland. Pending the action, W. C. Aickley executed a deed of the premises to Irving E. Smith. Thereafter Aickley died, and Ruth Aickley, as administratrix of his estate, was substituted in his stead as a party defendant. Smith also appeared as a defendant, and answered, denying plaintiff's claim of ownership of the premises. Of the remaining defendants, some disclaimed, and the action was dismissed as to the others.

The court found that plaintiff was not the owner, or in the possession, or entitled to the possession of the premises; that at the commencement of the action W. C. Aickley was in the actual and peaceable possession thereof, and so continued until he conveyed such right of possession to Smith. The judgment decreed that the plaintiff should take nothing by this action, and that Smith have judgment against her for his costs.

The plaintiff appeals from the judgment and from an order denying her motion for a new trial.

The principal contention is that the evidence does not support the finding that plaintiff was not the owner or entitled to the possession of the premises.

The property in controversy is a strip about thirty-seven and one-half feet wide and one hundred and fifty feet in length. None of the parties undertook to deraign title from a paramount source, the record containing nothing to indicate the condition or ownership of the property prior to 1892. In that year W. C. Aickley, named as a party defendant in this action, took possession of the lot, which was then vacant and unimproved, constructed a fence around it, and erected on it a cottage, in which, for a time, he resided. On April 16, 1894, he executed a quitclaim deed of the property to Annie Bond. On February 5, 1895, Annie Bond executed a like deed to the plaintiff, Mary Bond. In August, 1909, after the commencement of this action, Aickley conveyed the premises to Irving E. Smith, the respondent. A *lis pendens* had then been recorded, and Smith could, therefore, occupy no stronger position, as against plaintiff, than his grantor had had.

The foregoing facts appear without substantial contradiction. They compel the conclusion that plaintiff was, as between the parties to this action, the owner of the premises, and was entitled to a decree quieting her title. At the trial

both parties seem to have proceeded upon the theory that the plaintiff, being unable to show a clear paper title, was bound to prove the acquisition of a title by prescription. But this was not necessary, under the circumstances of the case. As between parties, neither of whom can connect himself with the legal title, the one who proves prior possession in himself or those through whom he claims, makes out a sufficient showing of ownership. (15 Cyc. 30.) "Occupancy for any period confers a title sufficient against all except the state and those who have title by prescription, accession, transfer, will, or succession." (Civ. Code, sec. 1006.) It has always been the law in this state, as well as elsewhere, that possession is *prima facie* evidence of ownership. (*Hutchinson* v. *Perley*, 4 Cal. 33, [60 Am. Dec. 578]; *Plume* v. *Seward*, 4 Cal. 94, [60 Am. Dec. 599]; *Nagle* v. *Macy*, 9 Cal. 426; *Ayres* v. *Bensley*, 32 Cal. 620; *Leonard* v. *Flynn*, 89 Cal. 543, [26 Pac. 1099]; *McGovern* v. *Mowry*, 91 Cal. 383, [27 Pac. 746]; *Zilmer* v. *Gerichten*, 111 Cal. 73, [43 Pac. 408]; *Morris* v. *Clarkin*, 156 Cal. 16, [103 Pac. 180]; *Davis* v. *Crump*, 162 Cal. 513, [123 Pac. 294].) Accordingly, in the absence of anything to show a better or prior title, Aickley's possession, taken in 1892, established his ownership of the premises at that time. His quitclaim deed to Annie Bond transferred to her whatever title he then had (Civ. Code, sec. 1083; *Graff* v. *Middleton*, 43 Cal. 341; *Lawrence* v. *Ballou*, 37 Cal. 518; *Rego* v. *Van Pelt*, 65 Cal. 254, [3 Pac. 867]), and Annie's subsequent deed vested the title in plaintiff. When this point was reached the plaintiff had established a perfect *prima facie* case, which could be overcome only by establishing a superior title in the defendant. There was no attempt to do this. Neither Ruth Aickley, as administratrix of W. C. Aickley, nor Smith, his grantee, stood in any better position than Aickley himself. To defeat plaintiff's claim, either of them would have had to show a title derived from a superior source, or acquired against plaintiff by adverse possession. As has been stated, no such showing was made. While there was some testimony tending to prove that Aickley had been in possession of the property at different times after the date of his deed to Annie Bond, and that he was in possession when the action was commenced, it is not pretended that the defendants proved the existence of the various elements neces-

sary under our code (Code Civ. Proc., sec. 325) to constitute adverse possession of real estate.

One of the findings declares that Smith was "the purchaser of said premises from W. C. Aickley in good faith." If this is intended as a finding that Smith bought without notice of Aickley's prior conveyance, the finding is against the evidence, because, first, Aickley's deed to Annie Bond had been recorded ten years before, and, second, a *lis pendens* was, as we have already stated, of record when Smith took his deed.

We may notice, briefly, the contention suggested by respondents without argument or citation of authority, that the deed from Aickley to Annie Bond contained a description so indefinite as to make impossible the identification of the land sought to be conveyed. The defect consisted in the omission of the word "feet" in the call locating the starting point. This was described as a point on the northerly line of East Fifteenth Street, "distant thereon 225 from the easterly line of 22d Avenue." In view of the facts that every other distance in the deed is given in terms of "feet," that the addition of this word will make the description cover the lot in controversy as described in the complaint; that the lot so described is the one occupied by Aickley before the execution of the deed, and is, as may fairly be inferred, the only property in which he asserted any interest, we think the court below was justified in treating the description as sufficient, and admitting the deed in evidence. (See *Burton* v. *Mullenary,* 147 Cal. 259, [81 Pac. 544]; *County of Los Angeles* v. *Hannon,* 159 Cal. 37, [112 Pac. 878]; *Union Lumber Co.* v. *Simon,* 150 Cal. 751, [89 Pac. 1077, 1081].)

The judgment and the order denying a new trial are reversed.

Shaw, J., Angellotti, J., Lorigan, J., Melvin, J., and Henshaw, J., concurred.