[Civ. No. 2383.   First Appellate District.—April 18, 1918.]

MARY BOND, Respondent, v. RUTH AICKLEY, Administratrix, etc., et al., Defendants; IRVING E. SMITH, Appellant.

ADVERSE POSSESSION—CONVEYANCE OF TITLE—SUBSEQUENT DEED FROM REMOTE OWNERS—INTEREST NOT ACQUIRED.—One who acquires title to real property by adverse possession and payment of taxes and then conveys it to another acquires no interest in the property under a later deed from the owners previous to his adverse possession, nor do his subsequent grantees acquire any interest.

APPEAL from a judgment of the Superior Court of Alameda County.   T. W. Harris, Judge.

The facts are stated in the opinion of the court.

L. D. Manning, McKee & Tasheira, and Matt. Wahrhaftig, for Appellant.

F. A. Berlin, for Respondent.

BEASLY, J., *pro tem.*—This action to quiet title was begun on June 4, 1907, by the plaintiff Mary Bond against W. C. Aickley, James Miller, and Lydia A. Larue individually and as the administratrix of the estate of James Larue, deceased.   On September 1, 1909, Aickley made a deed of the property in controversy to Irving E. Smith, after which Aickley died, and his widow Ruth, who had become his administratrix, and Smith, his grantee, were substituted in his stead as defendants.   From the judgment in favor of the plaintiff, Smith appeals.

The action was once before appealed to the supreme court and reversed by that court (*Bond* v. *Aickley,* 168 Cal. 161, [141 Pac. 1188]).   At the time of the first trial, from which

that appeal was taken, none of the parties attempted to deraign title from any paramount source. Reference may be had to the opinion of the supreme court in that case for the facts as they appeared in the record at that time.

On the second trial the defendants attempted to show a paramount title derived by William C. Aickley subsequent to his deed to Annie Bond. This attempt was based upon two deeds to the property executed the one by Lydia A. Larue upon April 2, 1907, purporting to convey an undivided one-half of the property to Aickley, and the other by R. C. Corrigan, dated September 24, 1908, and purporting to convey the whole thereof to Aickley. The appellant claims that Lydia A. Larue and Corrigan, when they executed these deeds to Aickley, held the title to this property. The property is a part of a small tract thirty-seven and one-half feet wide at one end, and running down to a point apparently at the other, known to searchers of record in Alameda County as "No man's land." It is a portion of the rancho San Antonio, which was a Mexican grant made to Antonio Maria Peralta, confirmed by a patent of the United States dated September 15, 1874. Previous to the patent the title to the strip of land, of which the little lot in controversy here formed a part, had been obscured and entangled by conveyances of parts of the ranch to many parties; and while we have examined this record with care after the manner of a technical title attorney, and find that the title apparently did not at the time of their deeds to Aickley rest in either Mrs. Larue or Corrigan, we are not confronted with the necessity of determining that point, because the plaintiff's title seems to be supported by proof of adverse possession on the part of W. C. Aickley before he deeded to Mrs. Bond, coupled with the possession of Annie Bond, his grantee, and the plaintiff Mary Bond subsequent to that date and extending down to the time of filing the complaint in this action.

It appears that this strip of land was vacant in 1890; that there were no improvements thereon and no one was in possession thereof. About that time W. C. Aickley went upon the land, and between 1890 and 1892 he improved it by placing a two-room house thereon. He retained possession of the property in person and by the improvements which he placed thereon until the year 1892, when he went to live with Annie Bond, and remained with her without paying any board for

five or six years. Evidently, feeling under obligations to her, Aickley on the sixteenth day of April, 1894, about three or four years after he took possession of the property, conveyed it to Annie Bond, and on the fifth day of February, 1895, Annie Bond quitclaimed the same to the plaintiff Mary Bond. During the years between the time when Aickley took possession of the property and the beginning of this action either Aickley or Annie Bond or Mary Bond maintained the house upon the premises, making various improvements of a substantial character thereon, occupying the house, and at times leasing the same to a tenant. While they were not always in actual, physical possession of the property by being actually personally located in the home, they did always claim title thereto, and always held the possession thereof so far as the acts above described show possession. There is no evidence that any other person ever had possession of the property during this period, and the evidence shows that some one of the parties was at various times and during most of this period in actual physical possession thereof, and that they claimed ownership of the property, Annie Bond and Mary Bond especially asserting title thereto at all times by reason of their deed from Aickley. The evidence of the various movements of this family is not perfectly co-ordinated; but it is sufficient to show an ownership claimed against the world, and a possession adverse to every person who might claim the property against them. Aickley and the Bonds evidently paid the taxes on the property during the years when they respectively occupied it and held and claimed to own it. From 1891 to 1897 the property was assessed to Samuel Lewis. The evidence shows that the plaintiff had the tax bills from 1892 down to 1900 consecutively. These tax bills were in the office of her attorney in San Francisco at the time of the great fire of 1906, and were badly damaged in that catastrophe; but they were produced in court, and this, in connection with other evidence as to the payment of the taxes, is sufficient to sustain the finding of the court that the taxes were paid by Annie Bond and the plaintiff. While the evidence upon the subject of the payment of taxes, and also upon the subject of adverse possession, is not as full as could be desired, it must be said, in passing upon the findings made by the court based upon this evidence, that often one of the most difficult things to prove

is the name of the person paying taxes, and that we can find no fault with the findings of the trial court upon these propositions. This being so, the after-acquired title of Aickley from Corrigan and Mrs. Larue was barred by the adverse possession of himself, and of Annie and Mary Bond thereafter, before this action was begun.

Judgment affirmed.

Kerrigan, J., and Zook, J., *pro tem.*, concurred.

A petition to have the cause heard in the supreme court, after judgment in the' district court of appeal, was denied by the supreme court on June 17, 1918.