[Civ. No. 2943. Second Appellate District, Division One.—February 5, 1919.]

## J. EDGAR ROSS, Petitioner, v. SUPERIOR COURT OF IMPERIAL COUNTY et al., Respondents.

CRIMINAL LAW—BREACH OF THE PEACE—SECURITY TO KEEP THE PEACE —POWER OF MAGISTRATE.—In a proceeding under chapter III (sections 701 to 714) of Title I of Part II of the Penal Code, providing for "security to keep the peace," the magistrate has no power other than that given in said chapter III, and therefore has no power to require a defendant to invest money in "Liberty" bonds and give them to his wife.

ID.—APPEAL — MAGISTRATE'S ORDER UNAPPEALABLE.—Chapter III of Title I of Part II of the Penal Code, providing for security to keep the peace, makes no provision for an appeal, and a superior court in entertaining an appeal from the magistrate's order at all acts in excess of its jurisdiction.

PROCEEDING on Certiorari to review an order of the Superior Court of Imperial County. Franklin J. Cole, Judge. Order annulled.

The facts are stated in the opinion of the court.

Emmet Wilson for Petitioner.

No appearance for Respondents.

SHAW, J.—*Certiorari.* Upon an information filed in the recorder's court of the city of Brawley, Imperial County, charging petitioner with threats made to do great bodily harm against one Roy Mitchell and others, a warrant was issued by virtue of which said Ross was arrested and taken before the magistrate, and upon the charge being controverted, testimony was adduced in relation thereto, as a result of which the magistrate made an order requiring the petitioner, Ross, to "pay a fine of three hundred dollars and invest the same in United States Liberty Loan bonds of the fourth issue, and be imprisoned in the city jail for a period of ninety days, but that upon your paying your fine as stated and turning same over to your faithful little wife, the jail sentence will then be remitted." Thereupon defendant filed a purported notice of appeal to the superior court of Imperial County. A statement prepared and presented by such appellant was settled and allowed, which, together with the transcript, was filed in the superior court. Upon the matter coming on to be heard, the superior court, without taking any evidence and apparently basing its action upon the statement alone, made an order vacating and setting aside the order made by the recorder's court, and ordered that defendant (petitioner here) be required to give a peace bond in the sum of five hundred dollars, to remain in force six months from and after October 8, 1918.

The proceeding was one initiated under chapter III (sections 701 to 714, both inclusive), of the Penal Code, entitled "Security to Keep the Peace." Section 706 provides that if just reason to fear the commission of the offense is found to exist, the person complained of may be required to enter into an undertaking to keep the peace toward the people of this state, and particularly the informer, which undertaking shall be binding for six months. And section 707 provides that if such undertaking is given, the party informed against must be discharged, and upon failure to give it, the magistrate must commit him to prison, specifying therein the omission

to give the undertaking. The magistrate in such a proceeding has no power other than that given in said chapter III. While such absurd order is not attacked in this proceeding, we may say the magistrate had no power to require Ross to invest three hundred dollars in bonds of the Fourth Liberty Loan and give them to "his faithful little wife." The order complained of here is that made by the superior court, which, on a purported appeal being taken, vacated the same and, without any trial and basing its action solely and alone upon a statement of the case, made a different order. If it was a case properly appealable, then, since it was upon questions of law and it appearing from the record presented to the superior court that the order made was erroneous, it would be the duty of the court to grant a trial *de novo.* It would have no power to render a new judgment based upon a statement of the case, the purpose of which is merely to illustrate the errors of law complained of. But chapter III, under which the proceeding was had before the magistrate, makes no provision for an appeal in such cases; and in *Holliday* v. *Holliday,* 123 Cal. 26, [55 Pac. 703], it is said: "The magistrate's determination that there is just reason to fear the commission of the offense justifies his order in putting the accused person under bonds to keep the peace, and, in the event of his failure to give the required bonds, then to order him committed to jail. From this order no appeal lies. . . . His conclusion is, so far as the defendant is concerned, a final determination upon the merits of the controversy. . . ." Hence it follows that the superior court acted in excess of its jurisdiction, first, in entertaining the appeal at all; and, second, assuming the order to be the subject of appeal, in making the order complained of without a trial *de novo.* From the foregoing it is manifest that the order made by the magistrate was wholly unauthorized, since he had no power to make any order other than one requiring Ross to give an undertaking to keep the peace toward the people of this state and particularly toward the party filing the information. Should the magistrate attempt to enforce it, petitioner would be entitled to some appropriate remedy for his protection against such unwarranted action.

The order under review is vacated and annulled.

Conrey, P. J., and James, J., concurred.