[Civ. No. 34. Fourth Appellate District.—December 16, 1929.]

FRANK BIRKHAUSER, Respondent, v. J. EDGAR ROSS et al., Appellants.

J. Edgar Ross and Anna M. Ross, *in pro. per.*, for Appellants.

George L. Saunders, D. C. Bitler and W. F. North for Respondent.

MARKS, J.—On February 21, 1924, judgment was rendered in the Superior Court of Imperial County in favor of respondent and against appellant J. Edgar Ross, in the sum of $2,000, which was subsequently reduced by the court to $1400. Respondent collected the sum of $121.21 upon an execution and the remainder of the judgment remains unsatisfied. Under another execution he levied upon 102 cases of honey, 4 sacks of beeswax, 3 boxes of beeswax and 3 boxes of comb beeswax foundation of the value of about $1400, which were claimed by appellant Anna M. Ross as her separate property. She gave a bond to release the property from the levy of the execution.

Respondent filed an action to subject the personal property, above described, to his judgment and to cancel and set aside as fraudulent and void as against creditors, a bill of sale from J. Edgar Ross to Anna M. Ross, his wife, dated September 11, 1918, and recorded December 2, 1918, whereby the husband sold to his wife 490 colonies of bees and the equipment used in conducting his apiaries in Imperial County, together with an automobile and a truck. The bill of sale was prepared by respondent, who is an attorney at law, for J. Edgar Ross, who was then his client. The complaint attempted to reach other property and cancel other instruments executed between them, its allegations being in the following form:

"That after the contracting of the debt on which the aforesaid judgment was recovered the said J. Edgar Ross assigned and transferred by an instrument in writing entitled a bill of sale, to-wit: on or about December 2nd, 1918, all of his personal property to the defendant Anna M. Ross, and on or about the same date conveyed by deeds and other instruments all of his real property to said Anna M. Ross; that said Anna M. Ross is the wife of said defendant J. Edgar Ross; that the said Anna M. Ross accepted the same;

that said transfer and assignment was without valid consideration and for the sole purpose of defrauding the creditors of said defendant, including this plaintiff. That the defendant J. Edgar Ross has from time to time since the commencement of the debt for which plaintiff so secured said judgment herein turned over to, paid and delivered to the defendant Anna M. Ross, the wife of said defendant J. Edgar Ross, all of the monies received by said J. Edgar Ross from various sources as well as all of the property owned by said J. Edgar Ross, all without valid consideration for the same and for the purpose of defrauding the creditors of said J. Edgar Ross and in particular this plaintiff thereof.''

The court found in favor of the respondent and rendered judgment accordingly.

The portions of the findings of fact and conclusions of law material to this appeal are as follows:

''That subsequent to incurring the debt which is the basis of the judgment set forth in the creditor's bill and complaint, the defendant J. Edgar Ross from time to time paid, delivered and diverted to his wife and codefendant Anna M. Ross all monies and property received, collected, and acquired by him, and transferred, conveyed and assigned by deeds and other instruments in writing, all property, in Riverside County and elsewhere in California, both real and personal acquired by him since their marriage, to his wife and codefendant Anna M. Ross; that said transfers, conveyances and assignments were each and all without consideration and not intended as a gift, but were made for the purpose of diverting and transferring said property into his wife's name to defraud this plaintiff and other creditors of said defendant J. Edgar Ross. That the property heretofore seized by the Sheriff of the County of Imperial, under the execution issued October 9th, 1924, on the judgment rendered in the Superior Court of the State of California, in and for the County of Imperial, in Action No. 6658, in favor of plaintiff herein, to-wit: 102 cases of honey, 4 cases of beeswax, 3 boxes of beeswax and 3 boxes of sheet comb or foundation, never was the separate property of Anna M. Ross, but was at all times and is now the property of said defendant J. Edgar Ross, and at the date of said seizure by said sheriff aforesaid was in the

custody, control and management of said J. Edgar Ross and was and is subject to sale under said execution and the proceeds thereof should be applied to the payment of his debts and obligations and in satisfaction of said judgment aforesaid and the undertaking executed by said Anna M. Ross and her sureties thereon are liable for the value thereof. That from the foregoing Findings of Fact, the Court determines as Conclusions of Law. First: That all the property, both real and personal now standing in the name of Anna M. Ross is community property of said J. Edgar Ross and Anna M. Ross, and was acquired by them since their marriage, and was transferred, conveyed, assigned and diverted to said Anna M. Ross by her husband J. Edgar Ross and at his direction and request by deeds and other instruments in writing, subsequent to incurring the debt which is the basis of the judgment set forth in said Plaintiff's complaint and creditor's bill herein. Second: That the transfers and conveyances of real and personal property heretofore made by said J. Edgar Ross to said co-defendant, Anna M. Ross and now of record in Riverside County and elsewhere in California, were not intended as a gift from husband to wife, and are fraudulent, void and without consideration, but were made for the purpose of defrauding the creditors of said defendant J. Edgar Ross and should be set aside and cancelled.''

By the judgment it was decreed ''That the conveyances and transfers of real and personal property dated September 11, 1918, executed by the defendant J. Edgar Ross to Anna M. Ross, his wife, and recorded by her December 2, 1918, in the office of the County Recorder of the County of Imperial, California, were made with intent to defraud the creditors of said J. Edgar Ross and are void as against plaintiff in this action; that the conveyances made at the direction and request of said defendant J. Edgar Ross to said Anna M. Ross, his wife, of property located in Beaumont, Riverside County, California, and heretofore standing of record in the name of said Anna M. Ross, were each and all of community property acquired by said defendants herein since their marriage and were without consideration and not intended as a gift from husband to wife, but each and all were made with the intent to defraud the creditors of said defendant J. Edgar Ross and are each and all void

as against the plaintiff in this action and were made subsequent to the incurring of the debt which is the basis of plaintiff's judgment set forth in the complaint and creditor's bill herein. And it is further adjudged, that the property seized by the Sheriff of Imperial County, California, under the execution issued October 9th, 1924, in Action 6658 was at the time of seizure in the custody, and under the control and management of said defendant J. Edgar Ross and the property of said J. Edgar Ross and plaintiff was and is entitled to have same subjected to and sold under execution and the proceeds derived therefrom applied in satisfaction of said execution and judgment. . . . And it is further adjudged, that the plaintiff in this action is at liberty to proceed upon his execution heretofore issued upon the judgment in his favor mentioned in the complaint and creditor's bill or entitled to the issuance of another execution, as he may be advised; and that the said defendants J. Edgar Ross and Anna M. Ross deliver to the Sheriffs of Imperial County and Riverside County, California, upon any such execution said property standing in the name of said Anna M. Ross, and particularly 102 cases of honey, 4 cases of beeswax, 3 boxes of beeswax and 3 boxes of sheet comb or foundation, or in lieu thereof the value of same as set forth in the undertaking filed by said Anna M. Ross in said action, and such Sheriffs are instructed and directed to levy upon any property, real or personal, standing in the name of said Anna M. Ross, not exempt from execution, to be sold and applied to satisfy said judgment of plaintiff and interest and costs of this action.''

The first questions presented on this appeal are whether or not the pleadings support the judgment and whether or not the evidence supports the findings. It will be remembered that, other than the descriptions of the property levied upon by the sheriff of Imperial County, and the bill of sale of September 11, 1918, the complaint alleges that J. Edgar Ross after contracting the debts to plaintiff conveyed by deeds or other instruments, assigned, transferred or turned over to Anna M. Ross all his real and personal property and all moneys received by him. This is the only description of such property in the complaint and the answer of appellants does not furnish any further description. ██ It is a fundamental principle of pleading that

the complaint must clearly and distinctly state the ultimate facts relied upon to constitute the cause of action so that the court may fully understand the issues, and the adverse party may plead to them; and may plead the judgment in bar of any subsequent action. (*Preston* v. *Central California Water & Irrigation Co.*, 11 Cal. App. 190 [104 Pac. 462]; *Dennis* v. *Crocker-Huffman Land & Water Co.*, 6 Cal. App. 58 [91 Pac. 425]; *Philbrook* v. *Randall*, 195 Cal. 95 [231 Pac. 739].) Where the court can see that a purported description in reality describes nothing, it is void (*De Sepulveda* v. *Baugh*, 74 Cal. 468 [5 Am. St. Rep. 455, 16 Pac. 223]). ■ The only property sufficiently described in the complaint, upon which an issue could be joined, was that described in the bill of sale, and that levied upon by the sheriff of Imperial County. In so far as the judgment attempts to go beyond this property it is not supported by the pleadings. The evidence showed that Anna M. Ross had the record title to a house and two lots situated somewhere in Beaumont, Riverside County, California, a cherry orchard in Riverside County in the neighborhood of Beaumont, and some lots in Imperial County. There was no attempt to get into the record any description of this property so that the evidence does not supply the lack of description in the pleadings.

■ About September 11, 1918, J. Edgar Ross consulted respondent in his capacity of an attorney at law about the transfer to his wife of the personal property described in the bill of sale. The instrument was prepared by respondent and executed by the parties. The evidence shows that all of this property was sold and the proceeds invested in a ranch in Imperial County, which was taken for an encumbrance thereon in 1920, and lost by appellants. As the value of the personal property had passed out of the assets of appellants, and both of them, the attempt to cancel the bill of sale in 1927 was nothing more than an idle gesture that had no bearing on the real merits of this case.

The personal property levied upon by the sheriff of Imperial County was not acquired by any of the fruits of the transaction of September 11, 1918. Some years before this date appellants owned some property in the city of Brawley which they traded for a house and lot in the city of Los Angeles. It does not appear in whose name the record title

to this property was placed. Some time prior to the date of the bill of sale the Los Angeles property was traded for a cherry ranch in the neighborhood of Beaumont in Riverside County. The deed to this property placed the title in the name of Anna M. Ross, presumptively as her separate property. She lived on this ranch for several years with her children, claimed it as her separate property as a gift from her husband, received all of the income therefrom and paid all of the expenses of caring for it. There is no evidence in the record that would even indicate that this transaction was tainted with fraud in the slightest degree. What little evidence of alleged fraud respondent presented was directed to the time he prepared the bill of sale for J. Edgar Ross, and did not pretend to refer to anything done prior to that date.

▮ A husband and wife may make contracts with each other (sec. 158, Civ. Code) and a gift from one to the other is valid even without consideration (sec. 1040, Civ. Code), if not made to defraud creditors. ▮ A transfer of property cannot be adjudged fraudulent solely on the grounds that it was not made for a valuable consideration (sec. 3442, Civ. Code). At the time the cherry orchard was acquired by Mrs. Ross, either the community, or her husband, owned property of the value of a number of thousand dollars, and the only indebtedness shown to exist at that time was the sum of $62.75 owed by J. Edgar Ross to respondent, which was subsequently paid. ▮ Where the evidence shows that the husband was solvent at the time of the conveyance of either his separate or the community property to his wife, and there was no evidence that the conveyance was made with an intent to defraud any creditor, the transaction cannot be set aside (*Burton v. Mullenary*, 147 Cal. 259 [81 Pac. 544]). The personal property levied upon by the sheriff of Imperial County was produced by bees purchased on a contract from a Mr. Schope for $1,000, upon which about $550 had been paid at the time of the trial. Of this sum at least $350 was paid by Mrs. Ross out of the income from cherries sold from her separate property and to this extent at least she had a separate estate in the honey and other property taken by the sheriff which was not liable for the debts of her husband.

As the judgment will have to be reversed, we will notice some apparent errors occurring at the trial so that they may be avoided in a future trial, if one be had.

In March, 1918, J. Edgar Ross employed respondent as his attorney in various litigations, which lasted until July, 1919. All cases were civil actions, except one. The attorney's fees charged by respondent were not to exceed $35 in Justice's Court cases and not to exceed $100 in Superior Court actions, except in one case. He testified that his maximum charge in Justice's Court cases was $35. On October 7, 1918, J. Edgar Ross was arrested upon a warrant issued out of the recorder's court of the city of Brawley, under the provisions of sections 701 to 714 of the Penal Code, upon a charge of threats made to do great bodily harm to Ray Mitchell and others. Upon the hearing Ross was represented by respondent and the magistrate made an order requiring Ross to " 'pay a fine of three hundred dollars and invest the same in United States Liberty Loan Bonds of the fourth issue, and be imprisoned in the city jail for a period of ninety days, but that upon your pay-ing your fine as stated and turning same over to your faithful little wife, the jail sentence will then be remitted.' Thereupon defendant filed a purported notice of appeal to the superior court of Imperial county. A statement prepared and presented by such appellant was settled and allowed, which, together with the transcript, was filed in the superior court. Upon the matter coming on to be heard, the superior court, without taking any evidence and apparently basing its action upon the statement alone, made an order vacating and setting aside the order made by the recorder's court, and ordered that defendant (appellant here) be required to give a peace bond in the sum of five hundred dollars, to remain in force six months from and after October 8, 1918." (*Ross* v. *Superior Court,* 39 Cal. App. 590 [179 Pac. 536].) This quotation describes all of the services rendered by respondent in the criminal action. The order of the Superior Court was vacated and annulled by the Second District Court of Appeal in the case last cited. Respondent did not appear as attorney for Ross in this last proceeding. His bill rendered some time in 1919 for his services in the recorder's court and before the Superior Court on appeal was $2,000, and furnished by far the largest item

of respondent's total bill against Ross of $2,312.75. Respondent admitted payments on account in the sum of $133.28, and as there was no special direction or agreement that the payments should be applied upon any special items of the bill, they must be credited upon the earliest items which would more than pay all of the indebtedness incurred prior to the $2,000, which was not finally earned, if earned at all, until January 17, 1919. ■ Anna M. Ross was not permitted to contest the validity of the claim upon which respondent's judgment against her husband rested in the first trial of this case in the court below. She was not a party to this judgment of $1400 and was not bound by respondent's judgment against her husband or concluded from contesting the claim on which that judgment rested. (*Burton* v. *Mullenary, supra; Mullenary* v. *Burton,* 3 Cal. App. 263 [84 Pac. 159].)

There were two trials of this action in the court below, one in November, 1925, and the other in January, 1927. The first trial resulted in a judgment in favor of appellants. A motion for new trial was granted, and the second trial resulted in a judgment in favor of respondent. At the first trial J. Edgar Ross appeared and attempted to act for himself and his wife in defending the suit. He was not permitted to do so on the ground that he was not an attorney at law and therefore could appear only for himself, and upon the further ground that his interest in the action was adverse to that of his wife. Mrs. Ross appeared in person with T. T. Porteous, an attorney at law, and moved in open court that he be substituted for her as her attorney in the action. The trial then proceeded with Mr. Porteous appearing as attorney for Mrs. Ross and Ross defending *in propria persona.* The notice of motion for new trial made by respondent was served on appellants personally and not on Mr. Porteous. Thers is nothing in the record showing that Mrs. Ross had been substituted for Mr. Porteous in the action or that she or her attorney were present at the hearing of the motion for new trial. This presents the very grave question of whether or not the first judgment rendered in favor of Mrs. Ross was ever vacated, and whether it is not now a final judgment in her favor. The record here may not be complete on the matter of substitutions, so we are merely suggesting this question to the

trial court. It also appears that the notice of the time and place of the second trial was served on Mrs. Ross personally and not on her attorney. She was not present at this trial and the court proceeded in her absence under the provisions of section 594 of the Code of Civil Procedure. If the service of the notice was not regular the trial should not have proceeded against her.

The court struck paragraph eight from appellants' amended answer on motion of respondent. Part of the allegations of this paragraph alleging, among other things, the solvency of J. Edgar Ross were material and should not have been stricken. Evidence was admitted at the trial on the question of his solvency, so he was not injured by the order. If the case is tried again he should have the right to present this evidence under proper pleadings.

The other errors complained of will in all probability not occur at a retrial of the case.

Judgment is reversed.

Sloane, P. J., and Barnard, J., concurred.